Charles Edward **PRUETT**

v.

**STATE of Tennessee.**

Supreme Court of Tennessee.

Nov. 19, 1973.

R. Allan Edgar, Raymond R. Murphy, Jr., Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., State of Tennessee, William C. Koch, Jr., Asst. Atty. Gen., Nashville, Edward E. Davis, Dist. Atty. Gen., Gary Gerbitz and David Rotroff, Asst. Dist. Attys. Gen., Chattanooga, for the State.

## OPINION

McCANLESS, Justice.

The defendant, Charles Edward Pruett, was convicted of burglary in a state court but alleges in a post-conviction petition that an identical charge based on the same transaction had already been heard and dismissed in the city court. The defense of double jeopardy was not argued, however, because the rule in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 [1970], was not applicable at that time. That rule has since been given retroactive effect, raising a question whether the defendant's state court conviction constituted double jeopardy. The question for our determination is whether the Court of Criminal Appeals can remand a petition for post-conviction relief to the trial court for the taking of further evidence of a defense which did not exist at the time of the evidentiary hearing on the petition.

The facts show that the defendant burglarized an automobile and stole a gun therefrom on July 28, 1966, in Chattanooga. He used the gun five days later in an armed robbery attempt. Following his plea of guilty on a charge arising out of the robbery, and following a subsequent conviction on federal conspiracy charges arising out of a separate transaction, the defendant was indicted for burglary of the automobile. He was convicted of that charge, and found to be an habitual criminal by the jury in the Criminal Court of Hamilton County on July 22, 1969.

The convictions were affirmed by the Court of Criminal Appeals, Pruitt v. State, 3 Tenn.Cr.App. 256, 460 S.W.2d 385 [1970]. In April, 1972, the defendant filed a pro se petition for post-conviction relief. A full evidentiary hearing was held in the trial court on October 19, 1972. The petition was dismissed, and Pruett appealed the dismissal to the Court of Criminal Appeals.

That court observed that the post-conviction petition, as amended in June, 1972, alleged that the burglary charge which resulted in the defendant's conviction in the Criminal Court of Hamilton County, had previously been heard in full on the merits and dismissed in the city court of Chattanooga. Following the convictions in the state court, the United States Supreme Court held in Waller v. Florida, supra, that a state prosecution based upon the same act for which the defendant was previously prosecuted in municipal court constitutes double jeopardy. Of course, the record reflects no evidence on this defense, because the Waller v. Florida rule was handed down after the convictions in this case. About six months after the filing of defendant's petition, however, the Supreme Court held in Robinson v. Neil, 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29, decided January 16, 1973, that Waller v. Florida was retroactive. The Court of Criminal Appeals thus reversed the trial court on February 15, 1973, and remanded the case to determine whether the defendant ever was placed in jeopardy on the burglary charge in the city court.

The State's petition for certiorari was granted and oral arguments heard. Only one error is assigned, that is, that the Court of Criminal Appeals, being bound by the record as it is certified, does not have authority to remand for the taking of further evidence. In our opinion the court does have such authority under Section 27–329, T.C.A., and Rule 15(2), Rules of the Court of Criminal Appeals. Section 27–329, T.C.A., provides:

"The Court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for

further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right."

Rule 15(2) of the court rules provides in part:

"Errors not assigned and supported by brief according to this rule, will be treated as waived, but the court, in its discretion, may notice an error overlooked by counsel."

■ We have construed Section 27–329, T.C.A., to provide that the appellate court may properly remand for the taking of evidence of new facts never before presented in the case. State ex rel. Guy v. Foster, 160 Tenn. 285, 24 S.W.2d 897 [1938]. If the facts in the record from the court below are so inadequate that justice cannot be served without the taking of further evidence, the court will remand for that purpose. Carver v. Crocker, 43 Tenn.App. 636, 311 S.W.2d 316 [1957]. As the court said in Stokley v. Southern Railway Co., 57 Tenn.App. 271, 418 S.W.2d 255 [1967]:

"Where it appears from the record . . . that more satisfactory evidence can be obtained on the issues presented, and, if produced, will enable the court to come to a more satisfactory conclusion, the cause may be remanded for such additional proof."

■ We think the facts in this case fall within the intent of the statute and the cases which construe it. Here, the post-conviction petition clearly alleged that the defendant was charged in the city court of Chattanooga, and that the charge was dismissed. Later, the charge was renewed in that court and, according to the petition, "(A)fter a full and final hearing in City Court, this charge was again dismissed for the second time in City Court on October 25, 1967." These facts had little legal meaning for the defendant during the evidentiary hearing, but it now appears they may form the basis for a valid defense on constitutional grounds.

■■ There is no conflict between this remand procedure and Tennessee's post-conviction statute, Section 40–3801, et seq., T.C.A. These sections allow the defendant to assert claims that did not exist at the time of trial. Further, Section 40–3811, T.C.A., provides that the scope of the evidentiary hearing should cover all the grounds the defendant may have. The post-conviction statutes demonstrate a policy favoring single post-conviction petitions which raise all possible claims available to the petitioner. A remand in this case merely expedites the defendant's appeal, and avoids the necessity of his having to file a completely new post-conviction petition based on Robinson v. Neil, supra.

■ Post-conviction relief may not be predicated on grounds that have been previously determined, or that have been waived by failure to assert them. Arthur v. State, Tenn., 483 S.W.2d 95 [1972], citing Sections 40–3811, 40–3812, T.C.A. This holding does not apply to a defense, such as the one discussed above, which did not exist and could not have been asserted by the most diligent counsel at the time of the hearing.

■ The defendant has, however, filed six assignments of error pursuant to Rule 13 of the Supreme Court, alleging constitutional errors which in our opinion could have been and should have been raised during the defendant's appeal from the burglary conviction. Section 40–3811, T.C.A., provides:

"The scope of the hearing shall extend to all grounds the petitioner may have, except those grounds which the court finds should be excluded because they have been waived or previously determined, as herein defined."

Section 40–3812, T.C.A., provides:

"A ground for relief is 'previously determined' is (sic) a court of competent jurisdiction has ruled on the merits after a full and fair hearing.

'A ground for relief is 'waived' if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented. There is a rebuttal presumption that a ground for relief not raised in any such proceeding which was held was waived."

The defendant, Pruett, argues that the "waiver" language in both statutes does not apply to him, because it did not become effective until July, 1971, in the form of amendments. Pruett's appeal on his burglary conviction was decided by the Court of Criminal Appeals in July, 1970. In Arthur v. State, supra, the post-conviction petitioner was convicted in 1967, and filed for post-conviction relief in 1970. We said in holding that the petitioner had waived the defenses he sought to raise in an evidentiary hearing:

"We consider the 1971 amendment to Section 40–3812 to be but a legislative declaration of the construction that the courts would give to the Post-Conviction Procedure Act, even had this amendment not been enacted. We hold, therefore, that since the record does not show that the petitioner presented, or had sufficient grounds for not presenting, to the court that convicted him, the facts of which he now complains, he waived them and is precluded from relying on them."

We are of the opinion that under the facts of this case the Court of Criminal Appeals was correct in remanding the cause to the trial court for the taking of evidence on the newly raised issue which was unavailable at the time of the defendant's evidentiary hearing.

We affirm the judgment of the Court of Criminal Appeals.

DYER, C. J., FONES, J., and LEECH and JENKINS, Special Justices, concur.