**STATE of Tennessee, Petitioner,**

**v.**

**Joe Louis NANCE, Respondent.**

Supreme Court of Tennessee.

March 24, 1975.

Robert H. Roberts, Asst. Atty. Gen., Nashville, for petitioner; David M. Pack, Atty. Gen. & Reporter, of counsel.

· T. J. Emison, Jr., Theo J. Emison, Alamo, for respondent.

## OPINION

HARBISON, Justice.

This case is before the Court upon petition for certiorari filed by the State of Tennessee, seeking review of an opinion of the Court of Criminal Appeals. That Court reversed the conviction of respondent for first degree murder upon the single ground that the respondent had been denied his constitutional right to a speedy trial. All other assignments of error made by the respondent in the Court of Criminal Appeals were found to be without merit and were overruled. We have reviewed the record and are in agreement with the Court of Criminal Appeals that the other assignments made in that court by the respondent were not well taken.

Respondent was originally tried in October 1966 on charges of first degree murder in connection with the deaths of Mr. and Mrs. Clyde Leek in Crockett County, Tennessee. On appeal, this conviction was reversed by an opinion of the Court of Criminal Appeals filed on December 6, 1968. The case was remanded to the trial court for a new trial. The new trial did not take place until the February 1971 term of the Circuit Court of Crockett County, Tennessee. Respondent was again convicted, and again appealed to the Court of Criminal Appeals.

The record reveals that following the first appeal and the remand of the case to the Circuit Court, on June 4, 1969 one of the attorneys representing respondent wrote a letter to the State Attorney General, inquiring as to the status of the matter and as to why the respondent had not been returned to Crockett County for a new trial. The letter was referred by the Deputy State Attorney General to the District Attorney, and he wrote a letter dated June 7, 1969, stating that he would instruct the sheriff to bring the respondent to Shelby County, Tennessee and keep him in jail there until the next term of the trial court.

The record at this point becomes silent as to the further handling of the case. On February 27, 1970 respondent himself addressed a handwritten letter to the Court of Criminal Appeals requesting that he be brought to trial or released. The record does not reveal what disposition was made of this letter. On July 14, 1970 an amended indictment was obtained from the grand jury of Crockett County in accordance with the suggestions contained in the first opinion of the Court of Criminal Appeals. At that time the case appears to have been assigned a trial date for October 1, 1970, which was during the ensuing term of the circuit court.

On September 29, 1970 counsel for respondent filed a motion to postpone and reset the case because of a conflict in schedule of one of the attorneys and on that same date they filed a motion to quash the indictment and to dismiss the charges because of the delay in bringing the accused to retrial.

If any minute entry was ever entered in this case reflecting the action of the trial judge on this motion, it has not been supplied in the record on appeal. Indeed there is no minute entry of any sort in the record, reflecting what action, if any, had been taken at any of the preceding terms of court following the remand of the case from the Court of Criminal Appeals after the first appeal.

It is suggested in the bill of exceptions that a hearing was held on the motion to dismiss by the trial judge who had presided over the first trial and who had presided over all of the proceedings in the case to this point. No record appears to have been made of this hearing, and we are unable to tell whether it was an evidentiary hearing or simply an argument of counsel.

The trial judge apparently granted the request of counsel for a resetting of the case, and the cause was ultimately tried in the February 1971 term of the circuit court. In the bill of exceptions furnished, there is discussion of "minute entries" on

the motion to dismiss, but, as previously stated, none of these minute entries have been furnished in the record on appeal. We are unable to tell whether such minute entries actually exist.

From the record which has been furnished to us, this Court is simply unable to make an informed judgment as to whether the respondent was or was not denied his right to a speedy trial. There are no affidavits or other evidentiary material of any sort in the file showing what transpired at the various terms of court following the initial remand of the case.

We wish to make it very clear to the trial bench and to the trial bar, both for the prosecution and for the defense, that when constitutional issues of this magnitude have been raised, it is incumbent upon all concerned that a full and complete record be made and preserved for transmission on appeal.

As was stated by this Court in the case of Pruett v. State, 501 S.W.2d 807, 809 (Tenn.1973):

"We have construed Section 27–329, T.C.A., to provide that the appellate court may properly remand for the taking of evidence of new facts never before presented in the case. State ex rel. Guy v. Foster, 160 Tenn. 285, 24 S.W.2d 897 (1938). If the facts in the record from the court below are so inadequate that justice cannot be served without the taking of further evidence, the court will remand for that purpose."

As was the case in McKeldin v. State, 516 S.W.2d 82 (Tenn.1974), the Court is faced with the resolution of whether a fundamental constitutional right of this respondent has or has not been violated. We remand this case with directions to the clerk to supply for the record on appeal any minute entries which may have been entered, which were not included on the record on appeal, including minute entries or docket entries of any description, if such were made, at each term

of court regarding this case following the initial remand from the Court of Criminal Appeals, and any minute or docket entries which may exist regarding the action of the trial court on the motion to dismiss which was filed on September 29, 1970 and apparently acted on by the original trial judge on or about that date.

We further direct the trial judge who presided over the second trial of this case to hold a full evidentiary hearing, calling as witnesses the original trial judge, the District Attorney General, counsel for the defendant, the Circuit Court Clerk, and any other persons who may have knowledge of the disposition and handling of this case during the period following its initial remand from the Court of Criminal Appeals up through the date of the ruling on the motion to dismiss in October 1970. There is no claim on appeal that any delay from and after that date in the further handling of the case, including the trial and post-trial proceedings, was chargeable to the State or in any way violated the right of the respondent to a speedy trial. Among other things which this Court wishes placed in the record is testimony as to whether the docket was sounded at or prior to the beginning of each term of court which intervened between the remand and October 1970, whether this case was called on the docket, whether counsel for the respondent and the District Attorney General appeared and made any statements or announcements about the status of this case, and we direct that a full record be made upon the complete handling of this matter so that the trial judge himself can make an informed judgment as to whether there was or was not a denial of the right of the respondent to a speedy trial. If the trial judge concludes that there was such a denial, he is directed to dismiss the charges against the respondent; otherwise the conviction will stand. If either the respondent or the State desires further review of the decision of the trial court, they shall proceed to have the record perfected in a proper manner so that the matter may be resubmitted to the Court of

Criminal Appeals for review, and to that end the District Attorney General is directed to co-operate in seeing that a full and complete record on this issue is prepared and filed.

Upon the basis of the fragmentary and completely unsatisfactory record which has been furnished to us, this Court is unable to fulfill its functions. We are not content to attempt to dispose of the case upon the basis of guesswork, or attempt to dispose of a constitutional issue of this importance without having full information before us as to all aspects of the matter. Many considerations go into the determination of whether there has or has not been a denial of the right to a speedy trial. It is a fundamental right of the accused, and, on the other hand, this Court has no desire to require that charges be dismissed against a convicted prisoner if in fact there has not been an infringement of his rights.

The judge who conducted the second trial of this case did not, of course, have the benefit of any record of the prior proceedings regarding the motion to dismiss. The motion was simply renewed before him *pro forma,* and he denied it because it had been denied by the original trial judge. It is for this reason that we direct him to conduct the hearing above referred to and to make an independent judgment on the issue.

The Court, for the guidance of counsel, would point out that if settled rules of appellate procedure in criminal cases were applied in this case, the issue here involved would be beyond review, and the only viable assignment of error of respondent would never be reached. Because of the importance of the constitutional issue and because the respondent is represented by appointed counsel, we do not apply them in this particular case.

■ It is elementary in this state that an accused shall be brought to trial at the next regular term of court after an indictment, unless he requests a postponement;

otherwise the trial court may order the charges dismissed "unless good cause to the contrary be shown." T.C.A. § 40–2102. Likewise, on remand after an appeal, the accused should ordinarily be brought to trial at the earliest practicable time after receipt of the procedendo from the appellate court.

■ After the return of the indictment, the handling of a criminal prosecution is placed and it remains directly under the supervision of the trial judge. T.C.A. § 40–2101. It is his responsibility to see that it is not unnecessarily or improperly delayed.

■ Ordinarily, in an appellate record, all minute entries made in a case are duplicated, including orders granting continuances. It is proper practice, and one which this Court feels should be followed in all criminal cases, for an order to be entered at each term of court if a case is continued, showing the reasons for the continuance. There is, under the case law of this state, a presumption that in the absence of such minute entries, the trial judge has continued the case for good cause. Raine v. State, 143 Tenn. 168, 226 S.W. 189 (1920); Mosley v. State, 477 S.W.2d 246, 249 (Tenn.Cr.App.1972).

■ Further, where there is no minute entry reflecting the action of the trial judge upon a pre-trial motion, it has generally been held that the appellate courts will not search the bill of exceptions to find what action was taken, and will simply not review the action taken on the preliminary motion. See Jones v. State, 197 Tenn. 667, 277 S.W.2d 371 (1955); Gray v. State, 194 Tenn. 234, 241–242, 250 S.W.2d 86 (1952); Shye v. State, 506 S.W.2d 169 (Tenn.Cr. App.1973); Klaver v. State, 503 S.W.2d 946 (Tenn.Cr.App.1973).

■■ It is thus incumbent upon counsel for the accused as well as the trial judge in criminal cases to see that the bill of exceptions is complete. Further, because in

speedy trial issues, the burden of proof may well rest upon the State on appeal to explain or justify a delay, it is also incumbent upon the District Attorney to see that a proper record is made at all stages of the proceedings.

The rules of appellate procedure discussed above remain in force and will be applied. We depart from them here because of the importance of the issues raised and in order to use this case as a vehicle to call attention to the necessity of compliance with orderly rules of practice and procedure in criminal cases.

The judgment of the Court of Criminal Appeals is vacated, and the cause is remanded for further proceedings as hereinabove directed.

FONES, C. J., and COOPER, BROCK and HENRY, JJ., concur.