STATE of Tennessee, Appellee,

v.

**Paul Wayne GOURLEY and Donald Edward Thompson, Appellants.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 19, 1984.

484

William M. Leech, Jr., Atty. Gen. & Reporter, David M. Himmelreich, Asst. Atty. Gen., Nashville, Joseph D. Baugh, Jr., Dist. Atty. Gen., Franklin, for appellee.

James V. Mondelli, Nashville, for Gourley.

John H. Henderson, Jr., Franklin, for Thompson.

## OPINION

O'BRIEN, Judge.

This case comes from the Criminal Court for Williamson County. Defendants entered guilty pleas to the offense of burglary of a motor vehicle. Their sentences were fixed at three (3) years in the penitentiary as Range I, standard offenders. They explicitly reserved, with the consent of the State and the court, the right to appeal a certified question of law dispositive of the case. Tenn.R.Crim.P. 37(b)(2)(i).

On July 30, 1982 defendants were arrested in the vicinity of Fairview, Tennessee. Thompson was driving a yellow, 1974 Ford, Maverick automobile titled to his sister, Celia D. Thompson. Gourley and another man, Calvin Horace King, were occupants. The license on the vehicle had been issued for a 1966 Ford 2-door automobile also registered to Thompson's sister. Thompson was charged with a registration violation and for carrying a weapon for the purpose of going armed. Gourley and King were arrested for public drunkenness. The vehicle was impounded and an inventory search was made. Thompson and Gourley apparently made bond and were released. The fate of King is not disclosed by the record, and he is not involved in these proceedings. In the course of taking the inventory the arresting officer observed a set of welding hoses, gauges, a torch, and a hand-operated diesel pump, all in the trunk of the automobile. Two days after the arrest an unidentified female telephoned the police department and stated that the welding gauges and hand pump were stolen from Rogers and Saltsman Construction Company. The theft was verified by the police. They found that the listed items had been taken from a vehicle located inside the fenced and locked yard of the company. On August 2, 1982 Officer George D. Fields, and Officer Morgan of the Fairview Police Department went with arrest warrants to Gourley's house which was located behind the establishment

where the larceny had occurred. In a wooded area between Gourley's house and the construction company property they found a muffler which had broken off the exhaust pipe of a vehicle. They took Gourley, Thompson, and the muffler they had discovered to the impoundment lot. Officer Morgan asked who owned the Maverick automobile and Gourley responded that he did. The broken end of the muffler matched the broken end of the exhaust pipe on the car. The stolen articles were found in the vehicle trunk.

The judgment order specifically sets out that the question of law certified for appeal was, "Did the Trial Court, following full evidentiary hearing, err in denying the written pre-trial motion of the defendant, Donald Edward Thompson, to suppress any and all evidence obtained or derived as a result of a search and seizure conducted by agents and representatives of the City of Fairview, Tennessee, on or about July 29, 1982, in the City of Fairview, Tennessee, in and about a certain automobile, in which the said defendant had a legal interest?" At the hearing on the motion to suppress the trial judge noted that the original arrest of the defendants occurred on the day after July 29th, and that the first search occurred on that day. He found the second search to be a valid search made by consent.

■■ There is not one shred of competent evidence in this record in regard to the first search of Thompson's automobile. The conviction evidence was discovered in the course of the so-called "inventory search" of the vehicle. Although the burden was upon the State to justify the impoundment by demonstrating compliance with the rule of reasonable necessity set out in *Drinkard v. State*, 584 S.W.2d 650, 654 (Tenn.1979), at the suppression hearing the Assistant District Attorney did not even call the officer who had made the original arrest, impounded the vehicle, and made the inventory search. See *State v. Lunsford*, 655 S.W.2d 921, 924 (Tenn.1983). The motion to suppress evidence in this case dealt only with the first search. The

judgment of the trial court relative to the certified question of law to be appealed likewise dealt only with the earlier search. From the record which has been furnished to us, this Court is simply unable to make an informed judgment on the legality of the impoundment of Thompson's vehicle and the subsequent inventory search. See *State v. Lunsford*, supra. The case must be remanded for further evidence on the suppression hearing. The admissibility of the evidence discovered by the police in the inventory search depends upon the legality of the impoundment. The trial court will conduct a hearing on that issue. If the impoundment did not comply with the requirements of *State v. Lunsford*, supra, the evidence cannot be admitted, unless the prosecution can establish by a preponderance of the evidence that the challenged evidence would have been ultimately or inevitably discovered by lawful means, or its discovery came through a source independent of the search. See *Nix v. Williams*, —— U.S. ——, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); *State v. Nance*, 521 S.W.2d 814, 816 (Tenn.1975).

The case is remanded for further proceedings as herein directed.

DUNCAN and SCOTT, JJ., concur.