IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1995 SESSION

FILED

October 28, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| FREDERICK NATHAN VANN, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9504-CR-00111 |
| | ) | |
| | ) | Morgan County |
| v. | ) | |
| | ) | Honorable James B. Scott, Jr., Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Robert W. Ritchie
606 W. Main Street
Suite 300
P.O. Box 1126
Knoxville, TN 37901-1126

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
        and
Michael J. Fahey, II
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Charles E. Hawk
District Attorney General
        and
D. Roger Delp
Frank A. Harvey
Assistant District Attorneys General
P.O. Box 703
Kingston, TN 37763

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner Frederick Nathan Vann, appeals as of right from the Morgan County Criminal Court's denial of his petition for post-conviction relief. The petition alleges that this court erred in the petitioner's direct appeal by affirming the denial of his motion to suppress and that the trial court's instruction on premeditation and deliberation violated his due process rights. The trial court dismissed the petition, concluding that the suppression issue had been previously determined and that the petitioner's constitutional rights were not violated by the jury instructions given at his trial. The petitioner now contends that the suppression issue was not previously determined because he was not accorded a full and fair hearing on the issue in the direct appeal. He also contends that the jury instructions violated his constitutional rights. We affirm the trial court's dismissal of the petition.

The petitioner was convicted of first degree murder and arson. He received a life sentence for first degree murder and a five-year sentence for the arson conviction. This court affirmed the defendant's convictions. State v. Frederick Nathan Vann, No. 45, Morgan County (Tenn. Crim. App. Apr. 26, 1990), reh'g denied (July 16, 1990), app. denied (Tenn. Dec. 10, 1990).

The petitioner was convicted for killing his girlfriend and burning the house where she lived. The police spent three to five days searching the house and confiscated several items. The petitioner filed a motion to suppress evidence that was seized from the home. After hearing proof on the matter, the trial court held that the petitioner had "standing"[1] to challenge the search of the house. However, it denied the

---

[1] The term "standing" actually relates to the substantive Fourth Amendment concept of the defendant having a reasonable expectation of privacy in the place searched or the items seized. See Rakas v. Illinois, 439 U.S. 128, 132-33, 99 S. Ct. 421, 424-25 (1978); United States v. Salvucci, 448 U.S. 83, 87, 100 S. Ct. 2547, 2550-51, n.4 (1980).

suppression because it concluded that the petitioner consented to the search and that the search was also justified based upon exigent circumstances.

This court affirmed the petitioner's convictions and upheld the denial of the motion to suppress in a split decision. The court concluded that the search of the home was not justified by consent or exigent circumstances. However, the majority also concluded that the evidence in the record preponderated against the trial court's determination that the defendant had standing to challenge the search. In dissent, now Presiding Judge Joe B. Jones argued that there was proof in the record to support the trial court's conclusion regarding the petitioner's expectation of privacy in the home.

The crux of the disagreement within the court related to the standard to use in reviewing the trial court's determinations. The majority opinion noted that the trial court simply held that the petitioner had standing, without providing any findings of fact. It stated that the trial court's determination of standing represented a conclusion of law that was not binding upon the court. Then, the majority drew its own legal conclusion based upon its review of the evidence, stating, as well, that the evidence did not support the trial court's legal conclusion that the petitioner had standing.

The dissenting opinion believed that the majority opinion did not properly defer to the trial court's implicit factual findings and improperly reweighed or reevaluated the evidence on its own. It stated that the majority should have limited its consideration to the evidence that tended to support the judgment and should have affirmed the judgment if material evidence existed to support it. The dissent concluded that sufficient evidence existed to support the trial court's ruling that the petitioner had standing.

3

## I

In his first issue, the petitioner asks that we revisit the search issue. The trial court concluded that the search issue had been previously determined in the convicting case. Under the law applicable to this case, the scope of a post-conviction hearing does not extend to grounds that have been previously determined. See T.C.A. § 40-30-111 (repealed 1995). "A ground for relief is 'previously determined' if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." T.C.A. § 40-30-112(a) (repealed 1995).

The petitioner asserts that the standing issue cannot be deemed previously determined because he was denied a full and fair hearing before this court. The gist of the petitioner's reasoning is that this court used the wrong standard of review in determining his standing to object to the search and improperly ruled on its view of the evidence in the record instead of remanding the case for the trial court to place its factual findings upon the record. The petitioner also argues that a remand would have given him an opportunity to prove standing under this court's change in the standard of review.

The petitioner relies upon several cases in which remands for further hearings occurred in federal habeas corpus cases and one Tennessee case because of the concern that the petitioner did not have a full and fair hearing on a given issue. In Riley v. Gray, 674 F.2d 522 (6th Cir. 1982), the issue before the state appellate court in the convicting case, as raised by the petitioner, was that evidence should have been suppressed because it was obtained under a warrant that was based on an improper warrantless search. Even though the state did not contest standing and neither party briefed or argued the issue, the appellate court ruled that there was no standing to challenge the evidence under the evidence before it. It affirmed the conviction without remanding the case for a determination of the facts relevant to the issue of standing. In

4

affirming the grant of habeas corpus relief, the Sixth Circuit concluded that the petitioner was denied an opportunity for full and fair litigation of his claim in an unreasonable manner. 674 F.2d at 527.

In United States ex rel. Bostick v. Peters, 3 F.3d 1023 (7th Cir. 1993), the state trial court had told the petitioner at his suppression hearing that he need not testify because his sworn affidavit would suffice. The state called two agents to testify. After the hearing, the trial court suppressed the evidence in issue, concluding that the agents had not provided a sufficient basis for the stop of the petitioner. On the state's appeal, the appellate court held that the petitioner's affidavit was insufficient to satisfy his burden of proving his allegations, deeming it to be incompetent evidence. Noting that the petitioner failed to present evidence to support his allegations contradicting the agents' testimony, the court concluded that the evidence of the record showed that the petitioner had not been seized and reversed the suppression order. Upon remand, the state trial court refused to provide another evidentiary hearing. In granting the petitioner a hearing on the merits of his Fourth Amendment claim, the Seventh Circuit concluded that the petitioner was not given a reasonable opportunity to present his evidence because of an unanticipated and unforeseeable application of a rule on appeal, thus denying him the opportunity for full and fair litigation of his Fourth Amendment challenge. 3 F.3d at 1029.

Also, the petitioner relies upon Donald Lewis Sullens v. State, No. 01C01-9212-CR-00394, Davidson County (Tenn. Crim. App. Nov. 18, 1993), in which this court stated that "it is difficult to conclude that a full and fair hearing on the merits contemplates a court making a ruling based upon facts which are not only absent from, but contradicted by the evidentiary record." Id., slip op. at 9. In Sullens, the record reflected that in the direct appeal of the convicting case, this court had rejected an issue upon a mistaken view of the evidence.

5

In reviewing the petitioner's claim, we note that we are bound by the post-conviction laws of the state of Tennessee, not the federal habeas corpus laws. In this respect, we note that in House v. State, 911 S.W.2d 705, 711 (Tenn. 1995), our supreme court held that "a full and fair hearing" under T.C.A. § 40-30-112 (a) (repealed 1995), is provided when a petitioner is given an opportunity to present a constitutional claim at a meaningful time and in a meaningful manner, without undue restriction of the scope of the hearing or undue limitation on the introduction or presentation of evidence.

In the petitioner's convicting case, the issue of whether evidence was seized from the victim's home in violation of the petitioner's constitutional rights was fully litigated at the suppression hearing before trial. Both the petitioner and the state presented proof with respect to the petitioner's expectation of privacy in the area that was searched. Based on the suppression hearing record, this court determined that the petitioner did not have a sufficient objective expectation of privacy in the property to challenge the search.

The petitioner's full opportunity to present and the actual presentation in the convicting case of evidence and argument on the issue of standing distinguishes this case from Riley and Bostick. Also, nothing in the record before us reflects any detail or fact that would allow the petitioner to show standing that was not already presented at the suppression hearing. Moreover, the evidence upon which this court relied to decide the standing issue does, in fact, exist in the record, a material circumstance that distinguishes this case from Sullens.

Even if we were to assume, for argument's sake, that the standard of review used by this court in the direct appeal of the convicting case was not the usual one,[2] we do not believe that it alters the fact that the standing issue was previously

---

[2] We note that the issue of the proper standard of review of a suppression ruling was not settled in Tennessee until our supreme court decided State v. Odom, 928 S.W.2d 18 (Tenn. 1996).

determined so as to bar its consideration as a ground for post-conviction relief. In fact, the fact that a case has been decided upon a court's misapprehension of the law does not mean, for post-conviction purposes, that a full and fair hearing did not occur. See Barr v. State, 910 S.W.2d 462 (Tenn. Crim. App. 1995) (petitioner who challenged search in direct appeal was barred from challenging it in post-conviction proceeding, because it was previously determined, even though the Tennessee Supreme Court had ruled that the same search was unconstitutional in codefendant's case); see also Kenneth M. Godwin, No. 01-C-01-9101-CC-00001, Dickson County (Tenn. Crim. App. Sept. 17, 1991) (claim previously determined even though Tennessee Supreme Court later rejected the legal analysis used to affirm the petitioner's conviction).

In sum, the petitioner received a full and fair hearing of his search and seizure issues, including the question of standing, as such a hearing is defined in House for our state post-conviction cases. Moreover, the mere fact that a different standard of review than the petitioner expected might have been used, does not rise to the level of a due process violation so as to provide a separate basis for post-conviction relief. Therefore, we hold that the issue of standing was previously determined for post-conviction relief purposes.

II

Next, the petitioner contends that he is entitled to post-conviction relief because the trial court instructed the jury that premeditation may be formed in an instant and failed to define deliberation. He relies upon State v. Brown, 836 S.W.2d 530 (Tenn. 1992), in which our supreme court restated the differences between premeditation and deliberation and stated "that it is prudent to abandon an instruction that tells the jury that 'premeditation may be formed in an instant.' Such an instruction can only result in confusion, given the fact that the jury must also be charged on the law of deliberation." 836 S.W.2d at 543. In the present case, the trial court concluded that

7

the instruction on premeditation used in the convicting case was correct under the law then existing and noted that Brown had not been given retroactive application. Also, we note that the jury was instructed in a separate passage that a deliberate killing was one done "with cool purpose."

The petitioner acknowledges that this court has refused to apply the holdings in Brown retroactively. See, e.g., State v. Joe Nathan Person, No. 02C01-9205-CC-00106, Madison County (Tenn. Crim. App. Sept. 29, 1993); State v. William Paul Roberson, No. 01C01-9206-CC-00200, Putnam County (Tenn. Crim. App. Feb. 25, 1993); State v. Willie Bacon, Jr., No. 1164, Hamilton County (Tenn. Crim. App. Aug. 4, 1992). However, he maintains that he is still entitled to relief because of the improper instructions in the context of due process. We disagree.

Initially, we note that with the petitioner's concession that Brown is not to be applied retroactively regarding the premeditation instruction, his due process claim would be barred from consideration for waiver because it was not pursued in the convicting case. Although the state did not specifically claim in the trial court that the petitioner waived this issue, it was implicit in the positions taken by the parties in the trial court. That is, the petitioner explained in his post-conviction petition that the reason this issue had not been previously presented was because Brown was released after the petitioner's direct appeal was completed. This explanation was provided to overcome the presumption of waiver that arises when a ground for relief is not raised in a prior proceeding in which it could have been raised, such as the direct appeal in this case. See T.C.A. § 30-112(b) (repealed 1995). However, the only rebuttal that could result from the later-arising Brown case would relate to the fact that the ground for relief did not exist before Brown and was to be retroactively applied after Brown. See, e.g., Pruett v. State, 501 S.W.2d 807 (Tenn. 1973). In this fashion, once the petitioner

8

dropped his retroactive application claim relative to <u>Brown</u>, he provided no way in which to rebut the presumption of waiver.

In any event, we believe that the petitioner's due process rights were not violated as he claims. In <u>Brown</u>, our supreme court concluded that it was prudent to abandon an instruction that premeditation may be formed in an instant because it could result in confusion because the element of deliberation contemplates a period of reflection, during which the mind is free from the influence of passion. However, the mere fact that the instruction was abandoned in <u>Brown</u> does not mean that its previous use equated with a due process violation that would be cognizable in a post-conviction proceeding. <u>See</u> <u>Lofton v. State</u>, 898 S.W.2d 246, 249 (Tenn. Crim. App. 1994). With the trial court having instructed the jury that the state must have proven beyond a reasonable doubt that the killing was deliberate, meaning with cool purpose, and our view under <u>Brown</u> that use of the former premeditation instruction did not constitute, by itself, a matter of constitutional significance, we conclude that the petitioner's due process rights were not violated by the instructions in this case.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
_____Joseph M. Tipton, Judge

CONCUR:

_____
Gary R. Wade, Judge

_____
Joe D. Duncan, Special Judge

9