John Henry **WOODEN,** a/k/a Jabari Issa Mandela, Appellant,

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 8, 1994.

Gregory D. Smith, Clarksville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Kimbra R. Spann, Roger Moore, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

WADE, Judge.

The petitioner, Jabari Issa Mandela, appeals the trial court's denial of post-conviction relief. The issue presented for review is whether the trial court properly ruled that the defendant's claim was either previously determined, waived, or barred by the statute of limitations.

We affirm the judgment of the trial court in part and remand for a determination of whether newly discovered evidence may have extended the statute of limitation.

On June 23, 1982, the petitioner, then known as John Henry Wooden, was convicted of second degree burglary, aggravated assault, aggravated sexual battery, and aggravated rape. His respective sentences were six to fifteen years, three to nine years, thirty-five years, and life, all of which are being served consecutively.

In a lengthy opinion filed by former Presiding Judge John K. Byers, each of the convictions were affirmed on direct appeal. *State v. Wooden,* 658 S.W.2d 553 (Tenn.Crim. App.1983). There was no challenge to the sufficiency of the evidence. Permission to appeal was denied by the supreme court on October 11, 1983. His first post-conviction petition, alleging ineffective assistance of counsel and partiality of the trial judge, was dismissed at the conclusion of an evidentiary hearing. On appeal, this court affirmed the judgment denying relief. *John Henry Wooden v. State,* No. 85–290–III, 1986 WL 10890 (Tenn.Crim.App., Nashville, October 3, 1986). Application for permission to appeal to the supreme court was denied January 5, 1987.

A second post-conviction petition, alleging ineffective assistance of counsel and the use of perjured testimony by the state, was dismissed without an evidentiary hearing. On appeal, this court affirmed the dismissal on the basis that the first issue had been previously determined and that the second issue had been waived for failure to assert the claim on direct appeal. *State v. John Henry Wooden,* No. 86–74–III, 1986 WL 13044 (Tenn.Crim.App., Nashville, November 19,

1986). Permission to appeal to the supreme court was denied February 17, 1987.

In this, the petitioner's third petition for post-conviction relief, he claims that he was denied his right to due process of law under both the state and federal constitutions because the prosecution withheld exculpatory evidence. Pursuant to the opinion issued in *Freeman v. Jeffcoat,* No. 01A01–9103–CV–00086, 1991 WL 165802 (Tenn.Ct.App., Nashville, August 30, 1991), *perm. to appeal denied,* (Tenn.1992), the petitioner was able to gain access of police records under the Tennessee Public Records Law. *See* Tenn.Code Ann. § 10–7–501, et seq. Prior to the opinion in *Freeman,* police routinely denied access to the file. The petitioner asserts that he learned of exculpatory evidence only when the police files were made available and, therefore, could not have presented the issue at any earlier time. The "newly discovered evidence" alleged to be exculpatory is, in summary, as follows:

(1) that the victim had at least once identified James L. Smith rather than the petitioner as her assailant;

(2) that the victim had given conflicting reports as to the physical description of her assailant;

(3) that another witness, Ms. Rust, identified someone other than the petitioner as the assailant;

(4) that there were "inconsistencies in other witnesses' testimony";

(5) that there were other "probable suspects including a juvenile that escaped from a detention facility."

As to this third petition, the trial court found that "the pleadings and the record as a whole" neither entitled the petitioner to relief nor warranted "appointment of counsel [or a] response from the state." It also ruled that the petition was barred by the statute of limitations. Tenn.Code Ann. § 40–30–102.

■ Initially, we observe that the post-conviction proceeding is available for all potential constitutional claims except those which have been waived or previously determined. Tenn.Code Ann. § 40–30–111. The statutory definitions for these defenses are as follows:

When ground for relief is "previously determined" or "waived."—(a) A ground for relief is "previously determined" if a court of competent jurisdiction has ruled on the merits after a full and fair hearing.

(b)(1) A ground for relief is "waived" if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.

(2) There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived.

Tenn.Code Ann. § 40–30–112.

■ Several issues have, in fact, been previously determined. Those resolved in the original trial, the direct appeal, and on the previous petition for post-conviction relief are well documented. Moreover, those grounds not raised in any of the prior proceedings are now barred by a three-year statute of limitations which began to run July 1, 1986. *State v. Masucci,* 754 S.W.2d 90 (Tenn.Crim.App. 1988); *Abston v. State,* 749 S.W.2d 487 (Tenn.Crim.App.1988).

The defense of waiver is available when "the petitioner knowingly and understandingly," according to our statute, fails to present a particular issue. That is, the petitioner must, with full knowledge, voluntarily relinquish a potential ground for relief. If, in fact, the petitioner was genuinely unaware of the existence of possible, exculpatory evidence until 1992, it is doubtful that the defense of waiver would apply and, thus, any procedural bar favorable to the state must rest in the three-year statute of limitations.

In *Burford v. State,* 845 S.W.2d 204 (Tenn. 1992), our supreme court ruled that our three-year statute of limitations was valid only if the time period had provided a reasonable opportunity for the presentation of post-conviction claims:

[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner. The question, then, is

"whether the state's policy reflected in the statute affords a fair and reasonable opportunity for ... bringing ... suit." *Pickett v. Brown,* 638 S.W.2d 369, 376 (Tenn. 1982), *rev'd on equal protection grounds,* 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983). In other words, the test is whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined. *Michel v. Louisiana,* 350 U.S. 91, 93, 76 S.Ct. 158, 160, 100 L.Ed. 83, 89 (1955).

*Id.,* at 208 (citation omitted).

The court held that "it is possible that under the circumstances of a particular case, application of the statute may not afford a reasonable opportunity" to litigate the issue. *Id.* Because the sentence of the petitioner in *Burford* depended upon the validity of prior convictions, he had no grounds during the three-year statute of limitations period upon which to make his claim. It was only after the three-year period, when prior convictions had been declared invalid, that the petitioner could proceed. Under those particular circumstances, the court held that the three-year statute of limitations denied the petitioner due process.

In the landmark case of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court ruled that the prosecutor has the duty to furnish exculpatory evidence to the defendant upon request. Exculpatory evidence may pertain to guilt or innocence of the accused and/or the punishment which may be imposed if the accused is convicted of the crime. *State v. Marshall,* 845 S.W.2d 228 (Tenn.Crim.App.1992). Any "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. at 1196–97. Thus the duty arises when the following conditions are met:

(1) the evidence is material;

(2) the evidence is favorable for the defense; and

(3) a proper request was made by the defendant for the prosecution of the evidence (the only exception being when the evidence is obviously exculpatory).

*See United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *Strouth v. State,* 755 S.W.2d 819, 828 (Tenn. Crim.App.1986).

This duty to disclose extends to all "favorable information" irrespective of whether the evidence is admissible. *United States v. Gleason,* 265 F.Supp. 880, 886 (S.D.N.Y.1967); *Branch v. State,* 4 Tenn. Crim.App. 164, 469 S.W.2d 533 (1969). And, while *Brady* does not require the state to investigate for the defendant, it does burden the prosecution with the responsibility of disclosing statements of witnesses favorable to the defense. *State v. Reynolds,* 671 S.W.2d 854, 856 (Tenn.Crim.App.1984); *State v. Goodman,* 643 S.W.2d 375, 379–80 (Tenn. Crim.App.1982). The duty does not extend to information that the defense already possesses or is able to obtain or to information not in the possession or control of the prosecution. *Banks v. State,* 556 S.W.2d 88, 90 (Tenn.Crim.App.1977).

Here the state does not agree that *Burford* applies to the petitioner. It does, however, concede that the petitioner is entitled to a hearing on whether the alleged exculpatory evidence released pursuant to the Tennessee Public Records Law qualifies as an exception to the statute of limitations. We agree with that assessment.

Upon remand, the trial court should consider first whether the evidence is in fact exculpatory. If so, it can then determine whether the evidence supports the application of the *Burford* due process exception to the statute of limitations. If each of these questions is resolved in the affirmative, the trial court may then consider appropriate relief.

Accordingly, the cause is remanded to the trial court for further consideration of the issues.

WHITE and WELLES, JJ., concur.