IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1997 SESSION



**FILED**

**April 21, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| BILLY GROOMS, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9603-CC-00136 |
| | ) | |
| | ) | Cocke County |
| v. | ) | |
| | ) | Honorable William R. Holt, Jr., Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Billy Grooms, <u>Pro</u> <u>Se</u>
# 101022
S.T.S.R.C.F.
Route 4, Box 600
Pikeville, TN 37367-9243

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Eugene Honea
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Alfred C. Schmutzer, Jr.
District Attorney General
301 Sevier County Courthouse
Sevierville, TN 37862
        and
James B. Dunn
Assistant District Attorney General
339A East Main Street
Newport, TN 37821

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Billy Grooms, appeals as of right from the Cocke County Circuit Court's denial of his third petition for post-conviction relief which he filed in September 1994. He is presently in the custody of the Department of Correction serving concurrent life sentences resulting from his 1986 convictions on two counts of first degree murder. The convictions and sentences were affirmed on appeal. State v. Billy Grooms, No. 107, Cocke County (Tenn. Crim. App. Mar. 26, 1986), app. denied (June 30, 1986). The petitioner contends (1) that his petition is not barred by the three-year statute of limitations then existing for post-conviction claims and (2) that he may still raise constitutional violations that were previously unknown to him at the time of his earlier post-conviction litigation. We disagree.

In substance, the present petition contends (1) that his right to confrontation was violated when hearsay statements of a nontestifying codefendant were admitted at trial, (2) that due process was violated by the admission of his statements by the codefendant after they unsuccessfully sought a severance because of incompatible defenses, (3) that his trial, appellate and post-conviction counsel were ineffective by failing to preserve and present various issues, and (4) that his removal from safety valve early parole eligibility violated due process and constituted ex post facto enhancement of punishment. His asserted reason for not raising the trial issues before is his ignorance and reliance upon attorneys who were ineffective. The trial court ruled that the petition seeking relief from his 1986 convictions was time barred and that it had no jurisdiction over the petitioner's parole complaints.

At the times in issue, there was a three-year statute of limitations for the filing of post-conviction actions. See T.C.A. § 40-30-102 (repealed 1995). The

2

exceptions were quite limited, essentially dealing with there being no reasonable opportunity existing during the limitations period to file a claim on the ground raised. See, e.g., Burford v. State, 845 S.W.2d 204 (Tenn. 1994); Watkins v. State, 903 S.W.2d 302 (Tenn. 1995) (petitioner insane during limitations period); Wooden v. State, 898 S.W.2d 752 (Tenn. Crim. App. 1994) (delayed disclosure of exculpatory evidence withheld by state). However, a petitioner's mere claim of ignorance of the facts or issues does not toll the statute of limitations even if that ignorance stems from reliance upon counsel's advice relative to post-conviction claims. See State v. Phillips, 904 S.W.2d 123 (Tenn. Crim. App. 1995). In any event, a claim of ineffective assistance of prior post-conviction counsel presents no excuse for not raising existing constitutional claims. See House v. State, 911 S.W.2d 705, 712 (Tenn. 1995). Thus, when viewed in the context of having three previous reviews of his convictions, two being by means of post-conviction actions, the petitioner's claims of ignorance and reliance upon ineffective counsel are for naught relative to tolling the statute of limitations. The statute of limitations applies so as to bar the post-conviction petition in this case relative to the murder convictions.

As for the petitioner's claim that he was wrongfully stripped of his early parole eligibility under the safety valve statute, the trial court was correct in concluding that it was without jurisdiction to determine the claim. Issues involving Department of Correction prisoner release computations are not cognizable in a post-conviction case and must be pursued under the Administrative Procedure Act. See Slagle v. Reynolds, 845 S.W.2d 167 (Tenn. 1992). Moreover, we note that the early release eligibility issue raised by the petitioner has been rejected relative to another prisoner. See Kaylor v. Bradley, 912 S.W.2d 728 (Tenn. Ct. App. 1995). In any event, it is not a justiciable issue in this case.

3

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Gary R. Wade, Judge


_____
William M. Barker, Judge

4