IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 31, 2002

## JABARI ISSA MANDELA v. DONAL CAMPBELL, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 01-722-III     Ellen Hobbs Lyle, Chancellor**

_____

**No. M2001-01956-COA-R3-CV - Filed January 28, 2003**

_____

After a federal court barred an inmate legal helper from submitting further filings, the warden removed the legal helper from his job. The prisoner filed a Petition for Declaratory Judgment against the Warden and the Commissioner of Correction in an attempt to have his job restored. The trial court dismissed the petition for failure to name a proper party and failure to state a claim for which relief can be granted. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Jabari Issa Mandela, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  A PRISON LEGAL AIDE

Jabari Issa Mandela, formerly known as John Henry Wooden, has been in prison since his conviction in 1980 for multiple felonies. *See Wooden v. State*, 898 S.W.2d 752 (Tenn. Crim. App. 1994). During his imprisonment, he has filed numerous civil lawsuits against the prison authorities and others.[1] According to his petition, he was approved to serve as an inmate legal helper in 1983. He apparently served in that capacity in several prisons where he had been incarcerated.

---

[1]A computer search showed one published and eight unpublished opinions in Tennessee state courts in which Mr. Mandela is listed as a plaintiff. An order by the United States District Court lists nine such cases in federal courts.

In June of 1999, Mr. Mandela was transferred to the West Tennessee State Penitentiary in Henning, Tennessee (WTSP). There he was tested for his legal ability and was again approved to serve as an inmate legal helper. But on May 1, 2000, Warden James Dukes rescinded permission for Mr. Mandela to act as a legal helper.

Warden Dukes posted a memo on three prison bulletin boards to notify all staff and inmates that in accordance with a court order, Mr. Mandela was no longer authorized to assist any inmates in legal matters, and that "[a]ny inmate found to be assisted by Mandela will subject themselves to monetary fines and/or could be found in contempt of a court order."

The order referenced by the warden was issued by the United States District Court for the Western District of Tennessee in the case of *Mandela v. Alton Hesson, et al.*, No. 99-2818-D. In that case, the District Court took judicial notice of the fact that Mr. Mandela had filed five previous in pauperis claims in the Western and Middle District which were dismissed as frivolous. In accordance with 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act of 1995, the court barred him from bringing any more in forma pauperis claims in the Western District.

The federal court further noted Mr. Mandela's possible role in a civil rights complaint styled *Antwan Brown v. James Dukes, et al.* Although the name Antwan Brown had been signed to the complaint and affidavit, the court stated that it had received a one-sheet, hand-printed letter purporting to come from Mr. Brown, with his name signed at the bottom. The letter asserted that Mr. Brown did not authorize the filing of the complaint, that Mr. Mandela had filed the complaint without Mr. Brown's agreement, and that Mr. Mandela had forged Mr. Brown's signature. The court noted that the signature on the letter differed from those on the complaint and affidavit.

The court accordingly enjoined Mr. Mandela from "preparing any pleadings, affidavits, motions, or other documents of any sort for any other person for filing in this Court" and ordered that a copy of the order be sent to the Warden and to the Correction Commissioner.

Mr. Mandela asserts that on May 2, 2000 he was charged in a disciplinary report with forgery in the incident described above, and that after a hearing, the disciplinary board found him not guilty. The prisoner subsequently filed with the Department of Correction a Petition for Declaratory Order as to the validity of the Warden's directive denying him the right to give legal assistance to other inmates. *See* Tenn. Code Ann. § 4-5-223. The Department never responded to the petition.

On March 7, 2001, Mr. Mandela filed a Petition for Declaratory Judgment in forma pauperis, which challenged the termination of his job as a prison legal helper. He named Commissioner of Correction Donal Campbell, and Warden Dukes as respondents. They filed a Motion to Dismiss for failure to state a claim for which relief can be granted. *See* Rule 12.02(6), Tenn. R. Civ. P. The trial court filed a Memorandum and Order granting the respondents' motion on May 16, 2001. Mr. Mandela then filed a Motion to Alter or Amend, which the court denied on July 16, 2001. This appeal followed.

## II. TENN. CODE ANN. § 4-5-225

Under the Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-1-101, et seq., our Legislature has given individuals the right to petition the courts for declaratory judgments against state agencies. The procedure such individuals must follow is set out in Tenn. Code Ann. § 4-5-225. Since that statute is in derogation of the state's sovereign immunity, parties seeking to benefit from its provisions must strictly comply with its requirements. Section (a) of the statute reads,

> The legal validity or applicability of a statute, rule or order of an agency to specified circumstances may be determined in a suit for a declaratory judgment in the chancery court of Davidson County, unless otherwise specifically provided by statute, if the court finds that the statute, rule or order, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the complainant. The agency shall be made a party to the suit.

Mr. Mandela named the Warden and the Commissioner of Correction as respondents, but failed to comply with the specific requirement of making "the agency" (the Department of Correction) a party to the suit. Such an omission is fatal to any claim under Tenn. Code Ann. § 4-5-225. *See Utley v. Rose*, 55 S.W.3d 559 (Tenn. Ct. App. 2001).

The trial court additionally found that even if Mr. Mandela had named a proper respondent, declaratory judgment would still not have been applicable to this petition. The court reasoned that under the authority of *Newsom v. Norris*, 888 F.2d 371 (6th Circuit 1989),[2] no prison inmate has the legal right to a prison job, including one as an inmate legal helper, and thus that the action of the warden did not interfere with any "legal rights or privileges" possessed by the petitioner.

In his Motion to Alter or Amend, Mr. Mandela tried a different approach. He conceded that he did not have a legal right to any prison job, but urged the court to read his petition more broadly. He alleged that by preventing him from giving legal assistance to inmates, the defendants have impermissibly burdened the constitutional right of those inmates to meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817 (1977). His motion was supplemented by the affidavits of seven prisoners at WTSP, each of whom asserted the difficulty of obtaining competent legal help at the institution in a variety of situations.

We agree that prisoners are entitled to meaningful access to the courts, but we find it hard to believe that such access can be secured at WTSP only if Mr. Mandela is restored to his job. Though he has demonstrated energy and persistence in his legal endeavors, he has been less than effective. He has managed to get himself barred from the courts of one federal district, and as we discuss below, his frivolous filings should also have barred him from state courts.

---

[2] Mr. Mandela claims that he himself prepared pleadings that led to the opinion in *Newsom v. Norris*

### III. TENN. CODE ANN. § 41-21-807

Our Legislature has sought to balance the constitutional right to meaningful access to the courts with the legitimate state interest in preventing the judicial system from being flooded with unmeritorious or frivolous complaints, filed by inmates at taxpayer expense. *Pendleton v. Mills*, 73 S.W.3d 115 (Tenn. Ct. App. 2001); *Davis v. Holland*, 31 S.W.3d 574 (Tenn. Ct. App. 2000). To accomplish this purpose, they enacted Tenn. Code Ann. § 41-21-801, et seq., which regulates the filing of in pauperis claims by inmates. Tenn. Code Ann. § 41-21-807 bars any such further filings by inmates who have a history of filing frivolous claims:

> (c) In no event shall an inmate bring a civil action or appeal a judgment in a civil action or proceeding under this section if the inmate has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of this state or the United States that was dismissed on the grounds that it is frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the inmate is under imminent danger of serious physical injury.

As we noted above, Mr. Mandela has filed five claims in the U.S. District Courts that were deemed by those courts to be frivolous. In his current petition he does not make any allegations to indicate that he is in imminent danger of serious physical injury. It thus appears to us that the trial court should have dismissed Mr. Mandela's petition on the basis of Tenn. Code Ann. § 41-21-807, as well as for failure to comply with the requirements of Tenn. Code Ann. § 4-5-225.

### III.

The order of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.