IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 21, 2008

## JABARI ISSA MANDELA a/k/a JOHN H. WOODEN v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County
No. 5149   Lynn W. Brown, Judge**

---

### No. E2007-02350-CCA-R3-HC

---

Petitioner, Jabari Issa Mandella, also known as John H. Wooden, sought habeas corpus relief from his sentences for second-degree burglary, aggravated rape, aggravated assault, and aggravated sexual battery.  The petition alleged that the consecutive sentences imposed by the trial court were in direct contravention of statute and that the trial court failed to state specific reasons for the imposition of consecutive sentencing, rendering the judgments against him void.  The habeas corpus court determined that nothing in the petition would support a finding that Petitioner's convictions were void or that his sentence had expired.  On appeal, Petitioner challenges the judgment of the habeas corpus court.  After a review of the denial of habeas corpus relief, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Jabari Issa Mandela a/k/a John H. Wooden, Pro Se, Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and Joe Crumley, District Attorney General, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTUAL BACKGROUND

Petitioner was indicted by the Davidson County Grand Jury in an eighteen count indictment. *State v. Wooden*, 658 S.W.2d 553, 557 (Tenn. Crim. App. 1983).  He was tried on ten counts, which involved six victims.  After a jury trial, Petitioner was found guilty on four counts involving three

victims and not guilty on five counts, and the jury was not able to reach a verdict on one count. The facts that supported the underlying convictions are not readily apparent from the record on appeal or the prior opinions by this Court. At most, we know the offenses for which Petitioner was tried had a similar modus operandi:

> Each of the victims was a young, white female who lived in an apartment complex and was alone at the time of the offense. In each case the attacker would be in the apartment when the victim arrived or would enter shortly after the victim entered the apartment. The attacker would cover the head of the victim or force her to turn her back so she could not see him. The attacker would force the victim to submit to cunnilingus and then force her to submit to vaginal intercourse. He would then demand that the victim rub his nipples as he performed vaginal intercourse. The offenses occurred from June of 1980 until January 1982. Each of the crimes occurred in apartment complexes which were in close geographic proximity.

*Id.* at 557-58. Petitioner appealed his convictions to this Court. This Court affirmed the judgments of the trial court. *Id.* at 556. Subsequently, Petitioner sought post-conviction relief on several occasions. *See Wooden v. State*, 898 S.W.2d 752 (Tenn. Crim. App. 1994); *Jabari Issa Mandela, a/k/a John Henry Wooden v. State*, No. 01C01-9610-CR-00459, 1998 WL 511133 (Tenn. Crim. App., at Nashville, Aug. 20, 1998), *perm. app. denied*, (Tenn. Mar. 22, 1999); *State v. John Henry Wooden*, No. 86-74-III, 1986 WL 13044 (Tenn. Crim. App., at Nashville, Nov. 19, 1986), *perm. app. denied*, (Tenn. Feb. 17, 1987); *John Henry Wooden v. State*, No. 85-290-III, 1986 WL 10890 (Tenn. Crim. App., at Nashville, Oct. 3, 1986), *perm. app. denied*, (Tenn. Jan. 5, 1987).

On August 21, 2007, Petitioner filed a petition for writ of habeas corpus in Johnson County. In the petition, Petitioner argued that the consecutive sentences imposed by the trial court were in "direct contravention of Tennessee Code Annotated § 40-20-111(a)" and Rule 32(c)(1) of the Tennessee Rules of Criminal Procedure because the trial court failed to state in the judgment the "specific reasons" for imposing consecutive sentencing. The State filed a motion to dismiss the petition. On October 1, 2007, the habeas corpus court entered an "Order of Dismissal" in which it found that nothing in the petition "would support a finding . . . that petitioners' [sic] conviction is void or that his sentence has expired." Petitioner filed a response in opposition to the State's motion to dismiss. The habeas corpus court dismissed Petitioner's response to the State's motion to dismiss because it contained no verified facts and failed to state a colorable claim for relief. The habeas corpus court entered an additional "Order of Dismissal" on November 2, 2007, denying and dismissing the petition for habeas corpus relief. Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner complains that the "habeas corpus court erred in concluding that Petitioner does not qualify for habeas corpus relief upon finding that his conviction is not void or that his sentence has not expired." Specifically, Petitioner argues that the imposition of consecutive sentences in his case is contrary to Tennessee Code Annotated section 40-20-111(a) because the trial

court failed to state the reasons on the record for the imposition of consecutive sentencing. The State counters, contending that even if true, Petitioner's claim would merely render the judgments voidable, not void.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W .2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superceded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *See also Hickman*, 153 S.W.3d at 21.

Here, Petitioner claims that the trial court failed to state on the record its reasons for the imposition of consecutive sentencing in violation of Tennessee Code Annotated section 40-20-111(a) and Tennessee Rule of Criminal Procedure 32(c)(1). Tennessee Code Annotated section 40-20-111(a) provides:

When any person has been convicted of two (2) or more offenses, judgment shall be rendered on each conviction after the first conviction; provided that the terms of imprisonment to which the convicted person is sentenced shall run concurrently or cumulatively in the discretion of the trial judge. The exercise of the discretion of the trial judge shall be reviewable by the supreme court on appeal.

Tennessee Rule of Criminal Procedure 32(c)(1) provides:

If the defendant pleads guilty or is convicted in one trial of more than one offense, the trial judge shall determine whether the sentences will be served concurrently or consecutively. The order shall specify the reasons for this decision and is reviewable on appeal. Unless it affirmatively appears that the sentences are consecutive, they are deemed to be concurrent.

Petitioner also cites to *Gray v. State*, 538 S.W.2d 391, 393 (Tenn. 1976), to support his claim. In *Gray*, the Tennessee Supreme Court established the procedure for determining whether a trial court had abused its discretion in ordering consecutive sentences pursuant to the prior version of Tennessee Code Annotated section 40-20-111(a). The court made it plain that trial courts should place on the record the reasons for the imposition of consecutive sentencing. *Gray*, 538 S.W.2d at 393. The language in *Gray* was later codified in Tennessee Code Annotated section 40-35-115. *See* T.C.A. § 40-35-115, Sentencing Comm'n Cmts. However, the Tennessee Supreme Court has held that when a judgment is silent regarding whether the sentences are to run consecutively or concurrently, the judgement is, at most, voidable. *Hogan v. Mills*, 168 S.W.3d 753, 757 (Tenn. 2005).

In support of his petition, Petitioner attached the judgment forms for his convictions. They indicate that his sentences are to be served consecutively. In addition, Petitioner attached portions of the trial transcript. In one portion of the transcript, the trial court pronounces Petitioner's sentences, without giving a reason for ordering consecutive sentencing. In another portion, the trial court denies Petitioner's motion for new trial and again reiterates that the sentences are to run consecutively. Petitioner does not claim that the trial court did not have jurisdiction or authority to order consecutive sentencing, merely that the trial court failed to state its reasons for doing so. For an illegal sentence claim to support a claim for habeas corpus relief, however, the illegality of the sentence must be egregious to the point of voidness. *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). An "illegal" sentence equates to a "jurisdictional defect." *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). Moreover, habeas corpus relief is not available for claims that the enhancement of the sentences was not proper or that they are excessive. *See James Oliver Ross v. State*, No. W2003-00843-CCA-R3-HC, 2003 WL 23100816, at *1 (Tenn. Crim. App., at Jackson, Dec.31, 2003); *see also Robert A. Payne v. Howard Carlton, Jr.*, No. E2006-02148-CCA-R3-HC, 2007 WL 969152, at *4 (Tenn. Crim. App., at Knoxville, Apr. 2, 2007), *perm. app. denied*, (Tenn. Sept. 24, 2007). Petitioner does not claim that there is a jurisdictional defect in regard to his convictions. In other words, Petitioner's claim, therefore, would merely render the judgments voidable. Petitioner

-4-

failed to state a colorable claim for habeas relief. The habeas corpus court properly dismissed the petition for habeas corpus relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE