Alexander FORREST, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Feb. 10, 1976.

Certiorari Denied by Supreme Court March 22, 1976.

Hughie Ragan, Jackson, for appellant.

R. A. Ashley, Jr., Atty. Gen., William J. Haynes, Jr., Asst. Atty. Gen., Nashville, George W. Hymers, Jr., Dist. Atty. Gen., James G. Woodall, Asst. Dist. Atty. Gen., Jackson, for appellee.

## OPINION

RUSSELL, Judge.

This is an appeal by Alexander Forrest from the dismissal without an evidentiary hearing of his petition for post-conviction relief from an armed robbery conviction and ninety-nine year penitentiary sentence.

Forrest alleged (1) that evidence obtained in an illegal search and seizure was introduced against him, (2) that he was illegally arrested, (3) that he was subjected to an illegal identification procedure by use of a single photograph, and (4) that proof of unrelated crimes was introduced against him over objection.

■ It is sufficient answer to these allegations to say that the latter two were explicitly dealt with upon the direct appeal to this court; and the first two were proper subjects for direct appeal.

■ A matter previously determined is not a proper subject for post-conviction relief. *Pruett v. State,* Tenn., 501 S.W.2d 807 (1973). A rebuttable presumption that a ground for post-conviction relief not raised in prior proceedings wherein it could have been raised is waived is grounded upon both statute and case law. T.C.A. § 40–3812; *Arthur v. State,* Tenn., 483 S.W.2d 95 (1972). T.C.A. § 40–3804(10) explicitly requires a petition for post-conviction relief to explain why a ground asserted therein has not been previously presented, where procedurally it obviously could have been.

■ The final ground for relief asserted by Forrest is that his appointed counsel was incompetent because they failed and refused to object to "the legality of the arrest warrant". By way of pro se argument Forrest also claims that his attorneys refused to object to an illegal search and seizure, apparently in connection with the arrest. He also claims that they would not object to the evidence of unrelated facts, a contention rebutted by the record on direct appeal. The learned trial judge who summarily dismissed this petition presided over the trial and explicitly reports in a memorandum of record that defense counsel did in fact make the objections that they are accused of not making. In that context, it was unnecessary to hold an evidentiary hearing.

The dismissal of this petition for post-conviction relief is affirmed.

WALKER, P. J., and DUNCAN, J., concur.