**James E. CLANTON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 26, 1990.

Order on Petition to Rehear
Mar. 12, 1990.

Permission to Appeal Denied by
Supreme Court June 11, 1990.

Charles W. Burson, Atty. Gen. & Reporter, James W. Milam, Asst. Atty. Gen., Robert Jolley, Jr., Asst. Dist. Atty. Gen., for appellee.

John E. Eldridge, Knoxville, for appellant.

## OPINION

BIRCH, Judge.

The petitioner, James Edward Clanton, Jr., filed for post-conviction relief to attack the constitutional validity of several convictions and a judgment of habitual criminality based upon those convictions.

The trial court dismissed the petition after an evidentiary hearing at which Clanton was represented by counsel.

We have carefully examined the questions raised by the petitioner. The judgment of dismissal is affirmed.

### I

Clanton entered the nine pleas of guilty he now contests during three separate submissions as follows:

*February 21, 1964*

1. Case 8280, Third-degree burglary

*December 14, 1967*

2. Case 1471, Third-degree burglary
3. Case 1472, Third-degree burglary
4. Case 1473, Third-degree burglary

*August 3, 1973*

5. Case 7713, Assault to commit voluntary manslaughter
6. Case 7714, Assault to commit voluntary manslaughter
7. Case 7715, Obtaining goods by unlawful use of a credit card
8. Case 7795, Assault to commit voluntary manslaughter
9. Case 7796, Shooting into an occupied motor vehicle

Clanton first contends that each of the above pleas was entered without his being advised of his constitutional right to trial by jury, his right against compelled self-incrimination, and his right to confront witnesses. These deficiencies, he says, invalidate the pleas which therefore should not have been used as predicate convictions to support the recidivist finding entered in 1980.

We cannot agree with this contention.

■ First, no transcript of the plea to third-degree burglary entered in 1964 is available. The conviction is valid on its face, and there is no evidentiary basis set forth upon which we can disturb it.

■ Second, the next round of pleas came in 1967, when Clanton pleaded guilty to three counts of third-degree burglary. These pleas were entered before the *Boykin*[1] and *Mackey*[2] decisions were handed down. Since neither *Boykin* nor *Mackey* has retroactive effect, the pleas were validly entered. *Berry v. Mintzes*, 726 F.2d 1142 (6th Cir.1984); *State v. Jimmy Lee Key*, C.C.A. No. 1216, Knoxville, 1989 WL 34858 (Opinion filed Apr. 14, 1989), *p.t.a. denied*, July 3, 1989. *See also Hellard v. State*, 629 S.W.2d 4, 5 (Tenn.1982).

Finally, the last five pleas were entered in 1973, after *Boykin* but before the *Mackey* decision. The transcript of the submission hearing demonstrates that these pleas

were entered knowingly and voluntarily in full satisfaction of the *Boykin* requirement.

Thus, the petitioner's assertion that the nine guilty pleas under review are constitutionally deficient is not supported by the record.

Accordingly, this issue is not with merit.

## II

■ For his second issue, petitioner asserts that the instruction given to the jury in the habitual criminal phase of his trial was constitutionally defective, in that it shifted the burden of proof to the accused.

The instruction given to the jury is as follows:

> "A judgment of conviction of any person under the same name as that of a subject defendant is prima facie evidence that the identity of such person is the same as such defendant. Prima facie in law means that it is to be taken as an established fact until it is overturned or rebutted by proof."

Clanton does not state in his petition why this issue was not included among those raised on direct appeal.[3] We deem it waived. Tenn.Code Ann. § 40–30–104(a)(10); *Forrest v. State*, 535 S.W.2d 166 (Tenn.Crim.App.1976).

This assertion is also not with merit.

DAUGHTREY and JONES, JJ., concur.

## ORDER ON PETITION TO REHEAR

On February 6, 1990, the petitioner filed a petition to rehear. He contended that the opinion of this court overlooked or misapprehended material facts and propositions of law. Tennessee Rule of Appellate Procedure 39(a)(3).

We have reviewed this opinion and find that our holding concerning the five guilty pleas entered in 1973 should be clarified.

---

1. 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

2. 553 S.W.2d 337 (Tenn.1977).

3. *State v. James Edward Clanton*, C.C.A. No. 708, Knoxville (Opinion filed Jan. 15, 1981).

■ We have re-examined the record of the petitioner's 1973 submission hearing in which he entered pleas of guilty to three counts of assault with intent to commit voluntary manslaughter, one count of obtaining goods by unlawful use of a credit card, and one count of shooting into an occupied motor vehicle. We remain satisfied that the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) were substantially complied with and the pleas knowingly and voluntarily entered. Therefore, any error occasioned by the trial judge's failure to recite verbatim defendant's *Boykin*'s rights was harmless. *State v. Frazier*, 784 S.W.2d 927 (Tenn.1990); *State v. Newsome*, 778 S.W.2d 34 (Tenn.1989).

In our opinion filed January 16, 1990, we held that the trial court had fully complied with the *Boykin* requirements, and that the petitioner had been fully admonished in accordance with all of its mandates in the 1973 submission hearing. Upon consideration of the petition to rehear and the record of the submission hearing, this court modifies its prior opinion to reflect our conclusion that the *Boykin* requirements were substantially complied with, and that any omissions constitute harmless error.

■ We further find that as the 1964 and 1967 guilty were submitted prior to *Boykin*'s release, they are not subject to post-conviction attack. *State v. Frazier*, 784 S.W.2d 927 (Tenn.1990).

To the extent that it conflicts with this order, this court vacates its prior opinion. The judgment of the post-conviction court is affirmed.

/s/ Martha C. Daughtrey
MARTHA CRAIG DAUGH-
TREY
Judge

/s/ Joe B. Jones
JOE B. JONES
Judge

/s/ Adolpho A. Birch, Jr.
ADOLPHO A. BIRCH, Jr.
Judge