John Dewitt HOLLIMON, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Jackson.

Feb. 14, 1990.

Permission to Appeal Denied
June 11, 1990.

Motion for Reconsideration Denied
July 30, 1990.

Charles W. Burson, Atty. Gen. and Reporter, Joel W. Perry, Asst. Atty. Gen., Glenn Wright, Asst. Dist. Atty. Gen., for appellee.

Brett B. Stein, Memphis, for appellant.

## OPINION

BIRCH, Judge.

The petitioner, John D. Hollimon, filed for post-conviction relief to contest the validity of five guilty pleas entered between 1970 and 1979. After a full evidentiary hearing with appointed counsel, the post-conviction court denied relief. Hollimon appeals as a matter of right.

The five guilty pleas in question provided the basis for two separate findings of habitual criminality—the first in 1984 and the second in 1986. By virtue of each finding, the sentence for each of the two triggering offenses was enhanced to imprisonment for life. Hollimon contends that these pleas are constitutionally invalid. We disagree. For the reasons set out below, we affirm the judgment denying relief, and clarify Hollimon's present sentence.

**1.** *State of Tennessee v. John Dewitt Hollimon,* C.C.A. No. 145, Jackson (Opinion filed Oct. 25,

I

In his attack on the constitutionality of the guilty pleas, Hollimon makes three contentions:

1.  That the finding of habitual criminality in case number 84139 was based upon an insufficient number of qualifying offenses;

2.  That the use of the convictions to impeach him during the guilt/innocence phase of cases 82158 and 84139 constituted reversible error; and

3.  That the five convictions used to prove his status as an habitual criminal in cases 82158 and 84139 were based upon constitutionally invalid guilty pleas.

◼ As for the first contention, we find that the petitioner included it in his direct appeal of case 84139.[1] The Court of Criminal Appeals found that the state had, in fact, proved the required number of qualifying convictions to classify Hollimon as an habitual criminal. As this issue has been "previously determined," it will not be relitigated. *McBee v. State,* 655 S.W.2d 191 (Tenn.Crim.App.1983); Tenn.Code Ann. § 40–30–112(a).

II

◼ As for Hollimon's second contention, the use of the convictions to impeach, we find that he failed to present it at the earliest opportunity or to explain his reason for not doing so. This issue, therefore, is "waived." *Forrest v. State,* 535 S.W.2d 166 (Tenn.Crim.App.1976); Tenn.Code Ann. §§ 40–30–104(a)(10); 40–30–112(b).

◼ And as to the first and second contentions, we find that neither presents a question of constitutional magnitude so as to be cognizable under the provisions of the Post Conviction Procedure Act. *Housler v. State,* 749 S.W.2d 758 (Tenn.Crim.App. 1988); Tenn.Code Ann. § 40–30–105.

1984).

## III

We turn now to Hollimon's third contention that the convictions used to support the finding of habitual criminality in cases 84139 and 82158 are constitutionally invalid.

The disputed guilty pleas were submitted as follows:

1. B28261, October 20, 1970, Assault to commit robbery with a deadly weapon;

2. B35405, December 2, 1974, Attempt to commit burglary of an automobile;

3. B38108, December 2, 1974, Armed robbery;

4. B44151, December 2, 1974, Third-degree burglary; and

5. B68855, July 30, 1979, Convicted felon carrying a firearm.

While Hollimon freely admits that the guilty pleas listed above were knowingly and voluntarily entered, he nevertheless insists that they are invalid under *Rounsaville*[2] and *Mackey*[3] because there is no affirmative showing on the record that the trial court, in accepting the pleas, advised him of his privilege against compelled self-incrimination.

■ We note that four of the five pleas under discussion were entered prior to the decision of our Supreme Court in the case of *State v. Mackey*, but after the decision of *Boykin v. Alabama*[4]. We interpret *Boykin* to require that an appellate court when considering the voluntariness of guilty pleas be able to determine from a review of the entire record that the plea was knowingly and voluntarily entered. If the reviewing court cannot make that determination, then the plea must be considered as having been entered in contravention of the constitutional rights of the accused. Conversely, should the court conclude that the plea was knowingly and voluntarily entered, it must stand.

■ We have examined the record of each of the submission hearings. We are convinced that the pleas of guilty that Hollimon now questions were, in fact, entered knowingly and voluntarily. Hollimon admits as much. He nevertheless insists that application of the holding in *Rounsaville v. Evatt* would invalidate the guilty pleas in question.

Perhaps this would be the result in some cases. But where, as here, the record clearly shows that the guilty pleas were knowingly and voluntarily entered, we think that the purpose of *Boykin* is served.

## IV

We are concerned about the apparent misinterpretation of Hollimon's sentence. On direct appeal, the Court of Criminal Appeals set aside the conviction for receiving stolen property (case number 82158) and reinstated the two robbery convictions.[5] Since the habitual criminal finding depended upon the conviction for receiving stolen property as its trigger, when this conviction was vacated, the finding of habitual criminality went with it, as did the enhancement to life imprisonment. The appellate court reimposed the two sentences that the jury had fixed in the robbery cases—not less than seven or more than fifteen years—to be served concurrently with each other and consecutively to the sentence of life imprisonment previously imposed in case number 84139. Thus we calculate Hollimon's sentence to be life imprisonment in case number 84139, together with two concurrent sentences of seven to fifteen years in cases 82156 and 82158, for an effective sentence of life plus seven to fifteen years.

---

2. *Rounsaville v. Evatt,* 733 S.W.2d 506 (Tenn. 1977).

3. *State v. Mackey,* 553 S.W.2d 337 (Tenn.1977).

4. 390 U.S. 238, 88 S.Ct. 1005, 19 L.Ed.2d 1071 (1969).

5. *State of Tennessee v. John Dewitt Hollimon,* C.C.A. No. 68, Jackson, 1987 WL 12358 (Opinion filed June 17, 1987).

With the above clarification, we conclude that because Hollimon's pleas of guilty were knowingly and voluntarily entered, they are constitutionally valid. It follows then that the judgment of the post-convic- tion court dismissing Hollimon's petition for post-conviction relief is affirmed.

BYERS, J., and F. LLOYD TATUM, Special Judge, concur.