IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 13, 2001

## MARVIN ANTHONY MATHEWS[1] v. STATE OF TENNESSEE

**Appeal as of Right from the Criminal Court for Shelby County**
**No. P-21117     L. T. Lafferty, Judge**

---

**No. W2000-01893-CCA-R3-PC  - Filed February 8, 2002**

---

The petitioner, Marvin Anthony Mathews, is currently serving a life sentence as an habitual criminal as a result of a larceny conviction.  He filed for post-conviction relief, which petition the post-conviction court dismissed because of its untimeliness.  The petitioner now appeals this ruling, arguing that the post-conviction court erred in finding the petition to be time-barred because the petitioner is serving an illegal sentence.  Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOE G. RILEY, J., and CORNELIA CLARK, SP. J., joined.

Alicia A. Howard, Memphis, Tennessee, for the appellant, Marvin Anthony Mathews.

Michael E. Moore, Solicitor General; Jennifer L. Smith, Assistant Attorney General; William L. Gibbons, District Attorney General; and Scott D. Gordon, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

The petitioner is currently before this court, yet again, to complain about his conviction of and sentence for grand larceny as an habitual criminal. See Marvin Anthony Matthews v. State, No. 16, 1990 Tenn. Crim. App. LEXIS 31, at **1-4 (Jackson, January 17, 1990) (detailing the facts underlying the petitioner's conviction).  To aid in our analysis of the issue before us, we will highlight a few of the more important dates in the protracted history of the petitioner's conviction.

---

[1] In various portions of the record, the petitioner's last name has been spelled "Matthews."  However, in his post-conviction petition, the petitioner spells his last name "Mathews."

On August 14, 1987, the petitioner was arrested for grand larceny. Id. at *2. A jury convicted the petitioner of grand larceny and further found him to be an habitual criminal on December 13, 1988. Marvin Matthews v. State, No. W1999-00833-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 287, at *1 (Jackson, April 17, 2001). On direct appeal, on January 17, 1990, this court affirmed the trial court's judgment, and, on May 14, 1990, our supreme court denied the petitioner's application for permission to appeal. Id. at *2. Subsequently, the petitioner filed numerous post-conviction petitions. In appellate proceedings relating to one of these petitions, this court issued an opinion, on February 24, 1993, reversing eight of the thirteen prior felony convictions used by the State to prove the petitioner's habitual criminal status. Marvin A. Matthews v. State, No. 02C01-9204-CR-00091, 1993 Tenn. Crim. App. LEXIS 115, at *4 (Jackson, February 24, 1993). Our supreme court denied the petitioner's application for permission to appeal this decision on June 3, 1993. Matthews, No. W1999-00833-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 287, at *2.

The petitioner filed his current petition for post-conviction relief on March 22, 1999, nearly nine years after the supreme court denied the petitioner's application for permission to appeal in the petitioner's direct appeal. The post-conviction court dismissed the petition, finding that, while "[t]he Post-Conviction Procedure Act provides several limited exceptions to the one year statute of limitations, . . . none of them are applicable to the present case. . . . The petition in this case was filed well beyond the applicable statute of limitations, and . . . , therefore, is untimely." The petitioner now appeals this ruling.

## II. Analysis

We begin by recognizing that post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-203 (1997). However, we further note that a one-year statute of limitations generally applies to the right to file a petition for post-conviction relief. See Tenn. Code Ann. § 40-30-202(a) (1997); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). Because the final action in the petitioner's case occurred prior to May 10, 1995, the petitioner had one year from that date to file a petition for post-conviction relief. See Williams, 44 S.W.3d at 468 (stating "post-conviction claims [must] be filed within one year from the date of the final action or within one year from the enactment of [the Post-Conviction Procedure Act]").

Nevertheless, the petitioner argues that, because he is serving an illegal sentence, this court may review and correct such sentence. Specifically, the petitioner contends that

> [t]he habitual offender enhancement was in error because the statu[t]e required at least three prior convictions. [See Tenn. Code Ann. § 39-1-801 (1988 Repl.)]. The State, at trial, relied on five Division 8 convictions to obtain the habitual offender enhancement. However, three of the five convictions were set aside by the Court of Criminal Appeals, leaving only two convictions to be considered for enhancing purposes.

We note that there is nothing in the record to indicate that the State relied on only five of the petitioner's prior felonies in seeking the enhancement of the petitioner's sentence due to his habitual offender status. Notably, in our opinion regarding the petitioner's direct appeal of his conviction, this court repeatedly commented that the State presented evidence at trial "that the [petitioner] had thirteen prior felony convictions which unquestionably established his status as an habitual criminal." Matthews, No. 16, 1990 Tenn. Crim. App. LEXIS 31, at *3. Moreover, in Matthews, No. 02C01-9204-CR-00091, 1993 Tenn. Crim. App. LEXIS 115, at **2-4, this court concluded that eight of the thirteen convictions used to establish the petitioner's habitual criminal status must be set aside; however, we observed that the petitioner conceded the five remaining convictions were valid. We further observed, in a later opinion, that "a post-conviction petitioner is not entitled to relief from habitual criminality if three or more qualifying convictions remain. Here, the petitioner has five such predicate offenses." Matthews, No. W1999-00833-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 287, at *7 (citations omitted). We now conclude that the issue before this court has been previously determined by this court and by the petitioner's concession to the validity of the five remaining convictions. See id. at *6. "A matter previously determined is not a proper subject for post-conviction relief." Forrest v. State, 535 S.W.2d 166, 167 (Tenn. Crim. App. 1976). Moreover, because we conclude that the petitioner is not suffering under an illegal sentence and because his claims do not fall within any exceptions to the statute of limitations, we agree that the post-conviction court correctly determined that the petitioner's instant claim for post-conviction relief is untimely.

The petitioner further claims, in conclusory statements, that the elements proven at trial do not support the charge of larceny, the trial court failed to instruct the jury as to lesser-included offenses, and a life sentence is excessive for a conviction for a property crime. Initially, we admonish that, because these allegations are unsupported by argument, citation to the record, or citation to authority, these issues are deemed waived. See Tenn. R. App. P. 27(a)(7); Wilcoxson v. State, 22 S.W.3d 289, 317 (Tenn. Crim. App. 1999). Moreover, such issues should have been addressed on direct appeal, and may not be raised now in this post-conviction claim. See Tenn. Code Ann. § 40-30-210(f) (1997) ("There is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived."); see also Randy Hicks v. State, No. 03C01-9608-CR-00296, 1998 Tenn. Crim. App. LEXIS 253, at **9-10 (Knoxville, March 3, 1998).

### III. Conclusion

Finding no reversible error, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE