IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 5, 2005

## JEFFREY LYNN MYERS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for White County**
**No. CR 899      Lillie Ann Sells, Judge**

---

**No. M2004-02411-CCA-MR3-PC - Filed June 29, 2005**

---

This is an appeal as of right from the denial of post-conviction relief. The Defendant, Jeffrey Lynn Myers, was convicted of one count of attempted rape upon entry of a best-interest guilty plea. He was sentenced to six years' imprisonment as a Range I, standard offender. The Defendant filed a petition for post-conviction relief and received an evidentiary hearing. The trial court subsequently denied the Defendant's petition, and he now appeals to this Court. He argues multiple issues, all of which we find to have been waived because the claims are either (1) not proper issues for a post-conviction proceeding, (2) not properly preserved for appeal, or (3) not reviewable due to an incomplete record. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J. C. MCLIN, JJ., joined.

Jeffrey Lynn Myers, Whiteville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and William E. Gibson, District Attorney General; and William M. Locke, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

According to the factual basis presented at the plea acceptance hearing, the facts surrounding the rape conviction at issue in this case can be summarized as follows:

> The proof would basically be that Mr. Myers was the boyfriend of [the victim's] mother. Occasionally stayed in the home with the mother and [the victim].

The allegations would be that at some point during that time Mr. Myers had a, I guess sexual relationship with [the victim] who was fourteen.

She would allege on about March the 28th, 2001 that he came in her room about four o'clock and engaged in sexual intercourse with her. She later on that day told, was questioned by her mother, told her mother that yes, she had had sex with Mr. Myers. She was then taken to the Sheriff's Department and then the White County Hospital where a rape kit was done. It came back saying that it didn't show a whole lot, but there was some DNA taken that was sent off and compared to a towel that the victim had talked about the defendant wiping himself on and her and his DNA were on this towel.

Upon further investigation the victim also stated that the Defendant had raped her on one other occasion. In September of 2001, the Defendant was indicted on two counts of rape.[1] The Defendant was appointed counsel, and before the case proceeded to trial an agreement was reached under which the Defendant would plead guilty to one count of the lesser-included offense of attempted rape and receive a sentence of six years as a Range I, standard offender with a 30% release eligibility date. The Defendant entered a best-interest guilty plea at a plea acceptance hearing conducted in September of 2002.

At the plea acceptance hearing, the trial court thoroughly discussed the nature of the Defendant's guilty plea with him before accepting the plea. The Defendant acknowledged that he understood he was waiving his right to a trial and to an appeal of his conviction. The Defendant also stated that he was satisfied with the performance of his attorney, denied being coerced into accepting the plea agreement, and stated that he was not in need of any "mental treatment." At the conclusion of the plea-acceptance hearing the trial court stated: "It is the opinion of this court, after visiting with Mr. Myers and working with him this morning, that he has entered this plea knowingly, voluntarily and understandably." The court accepted the Defendant's guilty plea and convicted the Defendant of attempted rape, a Class C felony. The Defendant was sentenced to six years' imprisonment as a Range I, standard offender, and a restraining order was issued prohibiting the Defendant from having any further contact with the victim.

With the financial assistance of relatives the Defendant retained counsel, and in June of 2003, filed a petition for post-conviction relief. The trial court entered a preliminary order finding a colorable claim, and the Defendant received a post-conviction evidentiary hearing in November of 2003. While the transcript of this hearing is not included in the record on appeal, the trial court made reference to the hearing in its order denying the Defendant post-conviction relief. This order was issued in February of 2004, and it is included in the appellate record. In the order, the trial court clearly and succinctly summarized the Defendant's post-conviction issues, summarized the evidence presented, and concluded that the Defendant failed to prove by clear and convincing evidence that he was entitled to post-conviction relief.

---

[1]Class B felonies. See Tenn. Code Ann. § 39-13-503. Additionally, a conviction for rape requires 100% service of sentence. See Tenn. Code Ann. § 40-35-501(i)(1), (2)(G).

On October 5, 2004, the Defendant simultaneously filed an untimely notice of appeal and motions for appointment of counsel and a declaration of indigency with both the trial court and this Court. He also filed a motion to accept a late-filed notice of appeal with this Court. On October 13, 2004, this Court granted the Defendant a waiver of the timely filing of his notice of appeal. In January of 2005, this Court issued a second order denying the Defendant's request for appointed counsel for this appeal. The order noted that the trial court lost jurisdiction to appoint counsel when the notice of appeal was filed. This Court declined to appoint counsel because the Defendant had retained counsel in the post-conviction proceedings, had already filed a pro-se appellate brief, and the record was devoid of any order declaring the Defendant indigent.

## ANALYSIS

The Defendant has submitted an appellate brief with no citation to the record, no direct citation to applicable authorities, and in which the majority of the issues raised were not properly preserved for appellate review or are not cognizable in a post-conviction proceeding. Additionally, because the Defendant provided an inadequate record, this Court is unable to address those constitutional issues raised by the Defendant that are proper for consideration in a post-conviction proceeding. Accordingly, we are unable to address on the merits any of the issues raised by the Defendant in this appeal.

The Defendant's appellate brief outlines eight separate claims, several of which contain more than one issue or are repetitive of prior claims.[2] The Defendant asserts the following: (1) there was insufficient evidence to find him guilty of rape; (2a) the Defendant was incompetent to submit a guilty plea; (2b) trial counsel was ineffective by coercing the Defendant into submitting a guilty plea; (3) the Defendant's arrest was illegal; (4) the State failed to turn over evidence the Defendant was informed of; (5a) trial counsel provided ineffective assistance of counsel by not communicating with the Defendant; (5b) retained post-conviction counsel provided ineffective assistance of counsel; (6) because his trial counsel and post-conviction counsel were incompetent and the State failed to turn over evidence, the Defendant was denied his right to an appeal; (7) the Defendant was denied due process because of an "illegal conspiracy" between the State, the trial court and "both defense attorneys" to convict him; and (8) the trial court failed to provide him with a fair post-conviction evidentiary hearing.

## I. Standard of Review

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State,

---

[2] The Defendant raises two separate sub-issues in his issues numbered two and five, which we label 2a, 2b, 5a, and 5b, and address separately in this opinion. Additionally, the three sub-issues outlined in the Defendant's issue number six are repetitive of claims raised elsewhere, and are therefore not addressed separately by this Court.

960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

## II. Issues Not Properly Before this Court

The Defendant raises several issues which, while proper for review in a direct appeal, can not be collaterally pursued through a post-conviction proceeding. The Defendant also failed to properly cite to the record or to appropriate authorities in all of the issues he raised on appeal.

### A. Failure to cite to the record or to authorities

This Court requires that the Defendant on appeal present an argument, make appropriate references to the record, and cite relevant legal authority in support of his argument. See Tenn. Ct. Crim. App. R. 10(b).[3] Additionally, all Tennessee appellate courts require the appellant's brief to contain an argument, citations to authorities, and appropriate references to the record. See Tenn. R. App. P. 27(a)(7).[4] Failure to comply with these basic rules will ordinarily constitute a waiver of the issue. See Tenn. Ct. Crim. App. R. 10(b); State v. Thompson, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000).

In his brief, the Defendant makes no reference to the record and fails to "cite" to authority in support of his argument.[5] Under these circumstances we are not obligated to review these issues as they are presented. See State v. Keller, 813 S.W.2d 146, 150 (Tenn. Crim. App. 1991) ("Bald assertions unaccompanied by legal argument or citations to authorities are waived"). This Court could overlook these deficiencies if the Defendant presented cognizable post-conviction claims and provided an appellate record sufficient to properly review the trial court's findings. Unfortunately, the Defendant has failed in these respects as well.

### B. Issues not subject to post-conviction relief

A collateral attack on a conviction or sentence under Tennessee's post-conviction procedure act is limited to claims that allege an "abridgment of any right guaranteed by the Constitution of

---

[3] "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."

[4] "The brief of the appellant shall contain . . . [a]n argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on."

[5] The Defendant does list several cases at the end of each of his eight claims. However, there is no nexus between the cases listed and the portion of the argument the cases purportedly support. Additionally, no page numbers are cited to indicate which portion of the case the Defendant believes relevant to his claim. Furthermore, the cases listed, nearly all United States Supreme Court cases, seem to have been chosen at random. Many of the cases cited by the Defendant pertain to federal habeas corpus proceedings and few are relevant to any of the many broad claims alleged by the Defendant.

Tennessee or the Constitution of the United States" that render the conviction or sentence void or voidable. Tenn. Code Ann. § 40-30-103. This Court has previously ruled that a "post-conviction proceeding is available for all potential constitutional claims except those which have been waived or previously determined." Wooden v. State, 898 S.W.2d 752, 754 (Tenn. Crim. App. 1994).[6] Additionally, post-conviction proceedings "cannot be used as substitutes for direct appeals, or to test the sufficiency of the convicting evidence, or to re-litigate matters of fact already put to rest upon the trial. Post-conviction petitions properly go only to constitutional rights' abridgments in the conviction process." Sloan v. State, 477 S.W.2d 219, 220 (Tenn. Crim. App. 1971).

Post-conviction proceedings are especially significant to Defendants who have pled guilty, thereby waiving their right to a direct appeal. Our supreme court noted that "[f]ailing to preserve an appeal from a plea of guilty generally forecloses any direct attack upon such a plea, but if the errors of which the defendant is complaining are of Constitutional dimensions, post-conviction proceedings are available." State v. McClintock, 732 S.W.2d 268, 271 (Tenn. 1987) (internal citations omitted). However, the supreme court also clarified that "[p]ost conviction relief is not a forum to review errors of law as a substitute for direct appeal." Id. at 272.

The Defendant raises four issues that are not cognizable in a post-conviction proceeding. We again note that the Defendant's conviction rests upon his "best interest" guilty plea. The Defendant argues in his first claim that the "available evidence" would prove his "factual and actual innocence." However, it is well-settled law that "post-conviction proceedings may not be employed to question or review or test the sufficiency of the evidence . . . ." Myers v. State, 462 S.W.2d 265, 267 (Tenn. Crim. App. 1970). In his third issue, the Defendant argues that he was subjected to an "illegal arrest." However, while such a claim would be a "proper subject[] for direct appeal," it is not the type of claim appropriately raised in a post-conviction proceeding Forrest v. State, 535 S.W.2d 166, 167 (Tenn. Crim. App. 1976). Likewise, the Defendant's argument in claim number four that he was not given immediate access to evidence is not properly before this Court. Evidentiary issues are valid subjects for a direct appeal, but generally not for a post-conviction proceeding. See id. The Defendant also alleges in the second issue contained in his claim number five that he was denied the effective assistance of counsel during his post-conviction proceedings. However, because there is no constitutional or statutory right to the effective assistance of counsel in a post-conviction proceeding, this issue also can not be raised in an appeal from a denial of post-conviction relief. See House v. State, 911 S.W.2d 705, 712 (Tenn. 1995).

It is clear from the arguments the Defendant makes in the above-referenced claims that he is attempting to use this appeal to introduce evidence which he believes proves he was not guilty of the crime of attempted rape. However, the Defendant waived both his right to force the State prove he was guilty and his right to appeal a guilty verdict when he accepted the plea agreement and pled guilty. It is well-settled law that a defendant may not litigate his guilt or innocence in a post-conviction proceeding. See Workman v. State, 868 S.W.2d 705, 711 (Tenn. Crim. App. 1993).

---

[6]While this case cited to an earlier version of the post-conviction procedure act than that now in effect, the general principle for which the case is cited in this opinion remains valid.

Accordingly, we are unable to address all of the Defendant's claims outlined above because they are not proper issues for a post-conviction proceeding.

## III. Issue Waived; Not Properly Preserved for Appellate Review

In his claim number seven, the Defendant argues that he was denied his right to due process because of an "unconstitutional and illegal conspiracy by the prosecution, the judge, and both defense attorneys to convict, sentence and imprison an innocent defendant." While his accusations of conspiracy are not supported by any citations to the record or relevant authority, his claim of a Constitutional due process violation may qualify as a valid post-conviction issue. Nonetheless, the Defendant failed to raise this issue "in [his] post-conviction petition" and therefore it "may not be raised for the first time on appeal." State v. Townes, 56 S.W.3d 30, 35 (Tenn. Crim. App. 2000) (reversed on other grounds). See also Tenn. Code Ann. § 40-30-106(g) ("A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented . . .").

In this case, the appellate record does not indicate that the issue of a "conspiracy" was presented to the trial court in the petition for post-conviction relief. The copy of the post-conviction petition,[7] the State's answer to this petition, and the trial court's order addressing the issues raised during the post-conviction proceedings all indicate that the conspiracy claim was not raised until the Defendant's appeal to this Court. Additionally, the Defendant has failed to point to any evidence in the record to substantiate his claims of a due process violation. Accordingly, this issue is also deemed waived.

## IV. Issues Waived; Failure to Provide a Record

The Defendant raises three claims that are proper issues before this Court on an appeal of a denial of post-conviction relief. Two of these issues, an "incompetent" guilty plea and ineffective assistance of counsel, were addressed by the trial court in its post-conviction order. The third issue, alleging the Defendant was not afforded a "full and fair evidentiary hearing" at his post-conviction hearing, is raised for the first time on appeal. However, we are unable to address the merits of these claims because the record is incomplete. The Defendant has failed to provide a transcript of his post-conviction hearing.

---

[7]It appears that the copy of the post-conviction petition contained in the technical record is incomplete. The petition in the record contains two pages, but the last page is marked "4." The trial court's order denying post-conviction relief indicates that three issues were raised, but the post-conviction petition in the record only addresses the first of the three claims considered by the court. Our rules of procedure provide for the correction or modification of the record. See Tenn. R. App. P. 24(e). However, the Defendant did not follow these rules. We note briefly that the Defendant has attached a sizable stack of documents to his appellate brief which he has labeled an appendix, but he failed to follow the rules for attaching such documents in a manner in which they will become part of the record. See Tenn. R. App. P. 28. It is settled law that documents merely attached to appellate briefs cannot be considered by this Court because they are not properly part of the certified record. See State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990).

When a defendant seeks appellate review the defendant bears the duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of his or her appeal. See Tenn. R. App. P. 24(b);[8] State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). When the record is incomplete because it fails to contain a transcript of a proceeding relevant to an issue or issues presented for review on appeal, this Court is precluded from considering those issues. See Ballard, 855 S.W.2d at 561. Moreover, absent the necessary relevant material in the record, we cannot consider the merits of an issue and must "conclusively presume the judgment of the trial court was correct." Matthews, 805 S.W.2d at 784. See also State v. Draper, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990) ("In summary, a defendant is effectively denied appellate review of an issue when the record transmitted to the appellate court does not contain a transcription of the relevant proceedings in the trial court"). Furthermore, we note that "[p]ro se appellants are required to comply with the relevant statutes, rules and common law just as those who are represented by counsel." Keller, 813 S.W.2d at 150.

The trial court made detailed findings of fact on the issues of an "incompetent" plea and ineffective assistance of counsel. As to the Defendant's argument in claim number 2a that he was incompetent to enter a guilty plea, the trial court concluded that he "failed to prove by clear and convincing evidence that his guilty plea was entered unknowingly, involuntary, or incompetently." Regarding the Defendant's arguments in claim five and the second part of claim two that his trial counsel was ineffective, the trial court first found that his "counsel's advice to accept the state's offer was reasonable based on the circumstances and evidence in this case." Thus, the trial court found the Defendant failed to establish that his counsel was ineffective for coercing him into accepting a plea agreement.[9] The trial court also found that testimony by the Defendant's sisters that trial counsel was ineffective for not communicating or spending enough time with the Defendant was not credible. Rather, the court determined their testimony to be "directly refuted by trial counsel whose testimony the court finds credible and reasonable in light of all the evidence in this case."

The trial court concluded that the Defendant "failed to carry his burden by clear and convincing evidence that trial counsel was ineffective, or that his guilty plea was entered involuntarily or unknowingly." Absent a transcript of the post-conviction evidentiary hearing, this Court must presume the judgement of the trial court is correct. Accordingly, the Defendant's issues pertaining to ineffective assistance of counsel and an incompetent guilty plea are waived.

The Defendant also alleges in his final claim that he was denied his due process right to a fair hearing at the post-conviction hearing itself. However, without a transcript or statement of what transpired in the trial court we must "conclusively presume that the ruling of the trial court was

---

[8]"[T]the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal."

[9]The trial court further stated that based on the evidence presented at the plea agreement hearing, "trial counsel would have failed his responsibility as legal counsel, had he not recommended that the petitioner accept the state's offer . . . ."

correct, the evidence was sufficient to support the defendant's conviction, or <u>the defendant received a fair and impartial trial</u>."  <u>Draper</u>, 800 S.W.2d at 493 (emphasis added).  Again, because the Defendant failed to provide a record that conveyed a fair, accurate and complete account of what transpired at the post-conviction hearing, we are compelled to find he has waived this issue as well.  See <u>State v. Wallace</u>, 664 S.W.2d 301, 302 (Tenn. Crim. App. 1983) ("We will not consider those issues for which the record is inadequate.  It is not the duty of this Court to sort out and labor through issues not properly presented").

## CONCLUSION

Based on the above reasoning and authority, we find the Defendant has waived every issue presented to this Court on appeal.  We affirm the judgment of the trial court denying the Defendant post-conviction relief.

_____
DAVID H. WELLES, JUDGE