IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 12, 2014

## JOSEPH CHI-CHOI WONG v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-D-1879      Cheryl Blackburn, Judge**

_____

**No. M2013-01684-CCA-R3-PC - Filed April 7, 2014**

_____

Following his convictions of promoting prostitution and money laundering, the petitioner, Joseph Chi-Choi Wong, filed a petition for post-conviction relief. The post-conviction court dismissed the petition as untimely. On appeal, the petitioner challenges the summary dismissal of his petition. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Joseph Chi-Choi Wong, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Tammy Meade, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

On September 17, 2002, a Davidson County Criminal Court Jury convicted the petitioner of three counts of promoting prostitution and three counts of money laundering. On November 12, 2002, the trial court imposed a total effective sentence of twenty-four years in the Tennessee Department of Correction. The petitioner appealed, challenging

> (1) the trial court's decision to admit certain evidence that was
> found in the [petitioner's] apartment; (2) the trial court's failure

to dismiss the indictment due to the asserted unconstitutionality of the Tennessee prostitution and money laundering statutes; (3) the trial court's failure to sever the prostitution counts from the money laundering counts; (4) the trial court's failure to suppress the evidence procured from the appellant's apartment as a result of the search warrant; (5) the trial court's imposition of an excessive sentence; and (6) the trial court's failure to mitigate the appellant's sentence.

State v. Joseph Chi-Choi Wong, No. M2003-00504-CCA-R3-CD, 2004 WL 1434384, at *1 (Tenn. Crim. App. at Nashville, June 25, 2004). On June 25, 2004, this court affirmed the convictions and sentences on direct appeal, and the supreme court denied permission to appeal on December 6, 2004.

Thereafter, on June 19, 2013, the petitioner filed a pro se petition for post-conviction relief, alleging that his counsel was ineffective, that the State conducted illegal searches and seizures, that the State suppressed exculpatory evidence, and that the State refused to obtain a material witness who was favorable to the defense. On June 25, 2013, the post-conviction court dismissed the petition as untimely, holding that the petitioner failed to allege any grounds to toll the statute of limitations. On appeal, the petitioner challenges the dismissal of his post-conviction petition.

## II. Analysis

Initially, we note that "[r]elief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. However, to obtain relief

a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred.

Tenn. Code Ann. § 40-30-102(a); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The statute emphasizes that time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its

exercise.  Tenn. Code Ann. § 40-30-102(a).

Clearly, the post-conviction petition was filed well outside the one-year statute of limitations.  Pursuant to Tennessee Code Annotated section 40-30-102(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) "[t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required"; (2) "[t]he claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted"; or (3) the claim in the petition "seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . ."

The post-conviction court stated:

> [The petitioner's] conviction became final in December 2004, when the Tennessee Supreme Court denied permission to appeal.  Almost ten years have passed since [the petitioner's] convictions became final, and none of his claims fall within any of the recognized exceptions to the statute of limitations.  Since the petition was filed outside the one-year statute of limitations period, it must be DENIED and DISMISSED.

We agree with the post-conviction court that the petitioner failed to allege any of the enumerated reasons for tolling the statute of limitations.

Nevertheless, although not noted by the post-conviction court, the petitioner alleged that his application for permission to appeal was denied by our supreme court on December 6, 2004, but that trial counsel did not inform the petitioner of the denial until June 27, 2012. The petitioner alleged that due to trial counsel's failure to timely inform him of the denial, "the petitioner could not file his pro se petition for post-conviction relief within one year."

Our supreme court has held that the statute of limitations may be tolled in cases where its strict application would deny the petitioner "'a reasonable opportunity to assert a claim in a meaningful time and manner.'" Williams, 44 S.W.3d at 468 (quoting Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000)).  In Williams, the petitioner's attorney failed to take the proper steps to withdraw timely and inform Williams of his right to appeal.  44 S.W.3d at 465-67.  Subsequently, the post-conviction court dismissed his petition for post-conviction

relief as untimely. Id. On appeal to our supreme court, the court reasoned that "an attorney's misrepresentation, either attributable to deception or other misconduct," is "beyond a defendant's control." Id. at 469. Therefore, if "a defendant erroneously believes that counsel is continuing to represent him . . . then the defendant is essentially precluded from pursuing certain remedies independently." Id. As the court explained, "[t]he question, then, is whether [Williams] was, in fact, misled to believe that counsel was continuing the appeals process, thereby requiring the tolling of the limitations period." Id. at 471. The supreme court held that Williams was entitled to a hearing to determine whether due process required that the statute of limitations be tolled. Id. at 468. Regardless, the court cautioned, "[W]e are not holding that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence. Instead, the focus here is only upon trial and appellate counsel's alleged misrepresentation in failing to properly withdraw from representation and in failing to notify the petitioner that no application for permission to appeal would be filed in this Court. Id. at 468 n.7.

Our supreme court has recently explained that

> the distinction we drew between attorney negligence and attorney misrepresentation in footnote seven of Williams v. State has become the focal point of cases such as this one. However, this focus on the attorney's mental state is somewhat misplaced. . . . Rather than perpetuate an artificial and unhelpful distinction between attorney negligence and attorney misrepresentation, we conclude that the better course is to adopt the [two-prong inquiry of Holland v. Florida, 560 U.S. 631 (2010) and Maples v. Thomas, 565 U.S. __, 132 S. Ct. 912 (2012) to] determin[e] when due process necessitates tolling the Post-Conviction Procedure Act's one-year statute of limitations.

> . . . .

> Henceforth, . . . [a] petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing. Specifically, the second prong is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true.

-4-

In terms of diligence, courts have recognized that due diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts. . . . Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system."

Whitehead v. State, 402 S.W.3d 615, 639-31 (Tenn. 2013) (citations omitted).

In the instant case, the statute of limitations began to run in 2004, but the petitioner did not pursue post-conviction relief until 2013, nine years later. The petitioner does not allege that he has been diligently pursuing his rights or that an extraordinary circumstance prevented him from timely filing his post-conviction petition. Id. Therefore, we conclude that the post-conviction court did not err by dismissing the petition as untimely.

Further, we note that the post-conviction court found

that [the petitioner's] search and seizure claim along with the material witness claim (the confidential informant) were previously addressed by the trial court during a suppression hearing and on direct appeal. . . . The claim that the State withheld exculpatory evidence concerns a recording not in existence, whish was also previously addressed; a recording of the confidential informant's conversation was not available due to an error in the electronic transmitter. Post-conviction relief is not available to re-litigate issues that have been raised and litigated on direct appeal.

Generally, "[a] matter previously determined is not a proper subject for post-conviction relief." Forrest v. State, 535 S.W.2d 166, 167 (Tenn. Crim. App. 1976). We conclude that the trial court did not err by determining that these issues were previously determined.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE